# No. 23-11038

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Eric Jackson; Alaric Stone; Michael Marcenelle,

Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland
Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense;
Linda Fagan, Commandant of the Coast Guard; Brian Penoyer,
Assistant Commandant for Human Resources of the Coast Guard,

Defendants - Appellees

## PLAINTIFFS-APPELLANTS' MOTION TO EXPEDITE APPEAL

SUBMITTED BY:

Stephen Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Nathan Loyd
THOMAS MORE SOCIETY
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nloyd@thomasmoresociety.org

Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild
Hochschild Law Firm, LLC
THOMAS MORE SOCIETY
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

# CERTIFICATE OF INTERESTED PERSONS

Eric Jackson; Alaric Stone; Michael Marcenelle,

Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland
Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense;
Linda Fagan, Commandant of the Coast Guard; Brian Penoyer,
Assistant Commandant for Human Resources of the Coast Guard,

Defendants - Appellees

The undersigned counsel of record certifies that the following listed

persons and entities as described in the fourth sentence of 5th CIR Rule

28.2.1 have an interest in the outcome of this case. These representations

are made in order that the judges of this court may evaluate possible

disqualification or recusal.

There are no corporations that are either parents of any of the

Plaintiffs-Appellants or that own 10% or more stock in any of the

Plaintiffs-Appellants.

i

## A. Plaintiffs-Appellants

> Eric Jackson
> Alaric Stone
> Michael Marcenelle

## B. Current and Former Attorneys for Plaintiffs-Appellants

Current Attorneys

> Stephen Crampton
> THOMAS MORE SOCIETY
> PO Box 4506
> Tupelo, MS 38803
> (662)255-9439
> scrampton@thomasmoresociety.org
>
> Michael G. McHale
> THOMAS MORE SOCIETY
> 10506 Burt Circle, Ste. 110
> Omaha, NE 68114
> (402)501-8586
> mmchale@thomasmoresociety.org
>
> Nathan Loyd
> THOMAS MORE SOCIETY
> 5101 Old Highway 5, Box 442
> Lebanon, GA 30146
> (559)744-3664
> nloyd@thomasmoresociety.org
>
> Adam S. Hochschild
> Hochschild Law Firm, LLC
> THOMAS MORE SOCIETY
> PO Box 401
> Plainfield, VT 05667
> (314)503-0326
> adam@hochschildlaw.com

Former Attorneys

Mary Catherine Martin
THOMAS MORE SOCIETY
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mmartin@thomasmoresociety.org

Charles W. Fillmore
H. Dustin Fillmore III
THE FILLMORE LAW FIRM, L.L.P.
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Paul M. Jonna
LiMandri & Jonna LLP
THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

## C. Defendants-Appellees

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security
Lloyd J. Austin, III, Secretary, U.S. Department of Defense
Linda Fagan, Commandant of the Coast Guard
Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard

## D. Current and Former Attorneys for Defendants-Appellees

<u>Current Attorneys</u>
    Cody Knapp
    Sarah Clark
    United States Department of Justice
    Civil Division
    Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20530
    (202)532-5663
    cody.t.knapp@usdoj.gov
    sarah.clark@usdoj.gov

<u>Former Attorney</u>
    Johnny Walker
    United States Department of Justice
    Civil Division
    Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20530
    (202)532-5663
    johnny.h.walker@usdoj.gov

## E. Other Interested Persons
None

Dated: November 2, 2023

                            /s/    Nathan Loyd
                            Nathan Loyd
                            THOMAS MORE SOCIETY
                            5101 Old Highway 5, Box 442
                            Lebanon, GA 30146
                            (559)744-3664
                            nloyd@thomasmoresociety.org
                            *Counsel for Plaintiffs-Appellants*

Plaintiffs-Appellants Eric Jackson, Alaric Stone, and Michael Marcenelle respectfully move this Court to expedite the briefing, oral argument, and ultimate disposition of the above-captioned appeal pursuant to 28 U.S.C. § 1657(a), Fed. R. App. Proc. 27, and 5th Cir. Rules 27.5 and 47.7(5), for the reasons provided below.

## INTRODUCTION

This case concerns the Coast Guard's ongoing efforts to punish and stigmatize service members who declined vaccination against COVID-19, and instead chose to exercise the rights provided them by the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1, et seq., and the First Amendment. Despite courts across the country enjoining similarly unlawful vaccine mandates of all *other* U.S. military services, and the Coast Guard voluntarily ending its mandate nearly ten months ago,[1] the Coast Guard uniquely *still* refuses to undo many of its coercive policies enforcing its vaccine mandate and thereby continues to harm Appellants.

---

[1] The provision of the 2023 National Defense Authorization Act repealing the COVID-19 vaccine mandate in the "Armed Forces" did not apply to the Coast Guard, because "Armed Force" is defined to include every military branch *but* the Coast Guard. Dkt. 95 at 7, n.2 and accompanying text.

For instance, while the Navy "[c]ritically" has "ruled out using vaccination status to deny deployment eligibility, training opportunities, and assignments," *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 673 (5th Cir. 2023), the Coast Guard still refuses to do so. The Coast Guard has alleged only that it cancelled certain blanket policies denying all new assignments and all training opportunities to unvaccinated service members. Dkt. 93 at 2. However, unlike the Navy, the Coast Guard still grants commanders and promotion boards the discretion to consider service members' vaccination status in assignments, training, deployment, and promotion decisions. The Coast Guard also maintains records of vaccine refusal in personnel records which is necessary to exercise that discretion. Dkt. 95 at 4-6. Unlike the Navy, the Coast Guard has failed to "restore[] Plaintiffs to equal footing with their vaccinated counterparts." SEALs, 72 F.4th at 673.

As a result, Appellants have suffered irreparable harm at multiple career milestones while they waited for injunctive relief preventing the Coast Guard from punishing them for exercising their religious liberty rights. But Appellants and other Coast Guard service members have obtained no court-ordered relief at any time in any court. The court below

ignored evidence showing the ongoing harms Appellants suffer that are unique to the Coast Guard and critically distinguishable from the other service branches, and the Coast Guard's deliberate actions to moot this case and avoid an adverse ruling. In fact, the court below dismissed Appellants' case as moot without ever expressly ruling on Appellants' motions for injunctive relief, even though those motions had been fully briefed for ten months prior to dismissal.

Appellants have yet more career milestones on the horizon, including, for example, a promotion selection board for Appellant Alaric Stone set for approximately September 2024. Should this appeal proceed in the normal course, Appellants are likely to suffer additional harm to their free exercise rights protected by RFRA and the First Amendment.

Therefore, pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and 5th Cir. Rules 27.5 and 47.7, Appellants respectfully move this Court to expedite the briefing, oral argument, and ultimate disposition of the above-captioned appeal from the Final Judgment issued by the United States District Court for the Northern District of Texas on August 17, 2023, dismissing Plaintiff-Appellants'

claims, as well as the Order denying Appellants' Rule 60(b) Motion for Relief from Final Judgment issued September 14, 2023.

## BACKGROUND

On September 16, 2022, Appellants initiated this suit, seeking injunctive relief to halt the Coast Guard from unlawfully enforcing its COVID-19 vaccine mandate without meaningful religious exemptions. Each of the Appellants requested religious accommodations from the mandate. The Coast Guard, improperly citing a generalized interest in military readiness instead of making an individualized assessment, categorically denied each of their requests (and those of every other service member seeking religious accommodation from the mandate), while simultaneously authorizing medical and administrative exemptions for other service members. *Jackson v. Mayorkas*, Case 4:22-cv-00825 (N.D. Tex.), Dkt. 1 at 24-30. Subsequently, each of the Appellants were formally reprimanded by their respective commanders threatened with involuntary discharge from the Coast Guard. *Id.* at 31-33. Contemporaneous with filing their Complaint, Appellants filed motions for a temporary injunction and preliminary injunctive relief for themselves and a putative class of similarly-situated Coast Guard service

4

members. Dkt. 5. The next business day, September 19, 2022, the district court denied, without prejudice, the motion for temporary restraining order, but did not rule on the other motions for preliminary injunctive relief. Dkt. 11.

Appellants' motions for preliminary injunctive relief were fully briefed as of October 14, 2022. Dkt. 38. The district court never issued a decision on those motions.

During the many months Appellants awaited a decision, Appellants provided numerous factual updates to the court regarding their ongoing need for relief, including the ongoing adverse collateral consequences they faced following the January 2023 voluntary rescission of the vaccine mandate.

On March 10, 2023, Defendants filed a motion to dismiss on the basis of mootness. Dkt. 69. By April 14, that motion was fully briefed. Dkt. 72, Dkt. 74.

On April 24, 2023, Appellants filed a motion to expedite ruling, seeking a decision on the still-pending motions for preliminary injunctive relief. Appellants filed this motion due to Appellant Michael Marcenelle facing the harm of a finalized denied (and otherwise standard) promotion

solely due to his vaccination status—a harm made imminent as the promotion window drew to a close and the motion for preliminary injunction remained undecided. Dkt. 77. Also on April 24, the district court denied the motion to expedite. Dkt. 78. Four months later, in August 2023, the district court dismissed this case as moot. Dkt. 98.

While the district court delayed ruling on the motions, Appellants' harms accumulated. Appellant Marcenelle still has not been promoted. Dkt. 101 at 4. The Coast Guard maintains that its blanket mandate (with no real opportunity for religious accommodations, while authorizing secular exemptions) was a "lawful order," and tarnishes Appellants' service reputations—a vital factor for career progression in the Coast Guard, a small, tight-knit service. Dkt. 95 at 15. Appellants' records, available to any future supervisor, still reflect the Coast Guard's wrongful position that Appellants attempted to exercise their religious liberty rights to avoid a supposedly lawful order. *Id.* at 5. And Appellants are still subject to the Coast Guard's unfettered discretion to deny deployments, training opportunities, and assignments on the basis of their vaccination status, enabled by the failure to expunge adverse records. *Id.* at 11.

# ARGUMENT

Appellants respectfully request that this case be expedited pursuant to 28 U.S.C. § 1657(a), Fed. R. App. P. 45(b), and 5th Cir. Rules 27.5 and 47.7.

Under 28 U.S.C. § 1657(a), "the court shall expedite the consideration of . . . [an] action if good cause therefor is shown." Further, "'good cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id*. When passing this law, the House Judiciary Committee explained that "good cause" would exist "for example, in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value[,] in a case in which failure to expedite would result in extraordinary hardship to a litigant, or actions where the public interest in enforcement of the statute is particularly strong." H. Rep. No. 98-985, at 6 (1984).

This Court should expedite this appeal for good cause because Appellants seek to enforce their rights under the First Amendment of Constitution of the United States. Appellants also seek to enforce their

rights under RFRA. Appellants have suffered and continue to suffer irreparable harm to these rights due to the Coast Guard's COVID-19 vaccine mandate and corresponding enforcement actions and also by the delay in the district court ruling, despite Appellants' repeated efforts to obtain a timely review of their motions.

As this Court has observed, "[t]he loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury." *Opulent Life Church v. City of Holly Springs Miss.*, 697 F.3d 279, 295 (5th Cir. 2012). "This principle applies with equal force to the violation of RFRA rights because RFRA enforces First Amendment freedoms, and the statute requires courts to construe it broadly to protect religious exercise." *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 348 (5th Cir. 2022) (cleaned up).

Here, a speedy decision reversing the dismissal below is necessary to halt the irreparable harm Appellants *continue* to suffer as a result of the voluntarily rescinded mandate. For example, Appellants seek, *inter alia,* injunctive relief requiring the Coast Guard to fully expunge Appellants' personnel records for documents recording their alleged noncompliance with the voluntarily rescinded mandate, just like the

Navy has already done. Dkt. 95 at 5. Should Appellants prevail and the Coast Guard expunge these documents, Appellants would be freed from the Coast Guard's policies and practices of allowing commanders to deny deployments, training opportunities, and assignments because of members' vaccination status, on a case-by-case basis, since commanders would no longer possess records revealing Appellants' alleged noncompliance and vaccination status. In fact, these policies and practices still function as a coercive measure to force Appellants to surrender their religious beliefs and receive a COVID-19 vaccine.

Additionally, with this relief, Appellants' rights would be protected because the Coast Guard would no longer have discretion to consider Appellants' religious beliefs during promotion decisions. Further still, Appellants' rights would be protected by a declaratory judgment holding that the Coast Guard's mandate and its religious accommodation process violated the First Amendment and RFRA (errors which the Coast Guard has refused to disavow).

In contrast, should this Court deny the motion to expedite, Appellants will face more adverse treatment designed to punish them for

exercising their rights in the past and pressure them to abandon those rights going forward.

For instance, Appellants face the ongoing prospect of being denied deployment opportunities *with each passing day* based on their religiously motivated vaccination status, along with the prospect of missing other training and assignment opportunities (or obligations), as well. Appellants also will meet their regularly-scheduled promotion boards while board members remain free to deny promotions based on religious beliefs, "depriv[ing] the relief requested of much of its value." H. Rep. No. 98-985, at 6. Further, failure to expedite will cause "extraordinary hardship to a litigant." As an example, Appellant Marcenelle continues earning about 20% less in pay that he otherwise would because of the Coast Guard's actions. Dkt. 73 at 14. Finally, "the public interest in enforcement of the statute is particularly strong" here where every other military service's mandate—other than the Coast Guard's—has been enjoined due to violating RFRA. See *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022) (Navy); *Colonel Fin. Mgmt. Officer v. Austin*, 622 F. Supp. 3d 1187 (M.D. Fla. 2022) (Marines); *Doster v. Kendall*, 2022 WL 2974733, at *1 (S.D. Ohio July 27, 2022), *aff'd*, 54

F.4th 398 (6th Cir. 2022), *rehearing en banc denied*, 65 F.4th 792 (2023),

*cert. pending*, No. 23-154 (Air Force and Space Force); *Schelske v. Austin*,

649 F. Supp. 3d 254 (N.D. Tex. 2022) (Army).

Additionally, Appellants face at least one fast-approaching date
justifying speedy review of their appeal. Alaric Stone will face a
promotion selection board in approximately September 2024. Without
prompt consideration by this Court, Appellant Stone's records will be
reviewed by superior officers who remain convinced that he disobeyed a
lawful order and free to deny him a promotion due to his vaccination
status. A denial of this motion to expedite may push a decision on the
merits of this case beyond this concrete date.

## CONCLUSION

For the reasons set forth above, Appellants respectfully request
that the Court grant their Motion to Expedite Appeal and order an
expedited briefing schedule as follows:

- Appellants' Opening Brief:        November 30, 2023

- Appellees' Response Brief:        December 21, 2023

- Appellants' Reply Brief:          January 4, 2024

Appellants also request that oral argument be scheduled soon after the briefs are completed.

Dated: November 2, 2023

Respectfully submitted,

/s/ Nathan Loyd

Stephen Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Nathan Loyd
THOMAS MORE SOCIETY
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nloyd@thomasmoresociety.org

Adam S. Hochschild
Hochschild Law Firm, LLC
THOMAS MORE SOCIETY
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF CONFERENCE

On November 1, 2023, I, Michael McHale, counsel for Plaintiffs-Appellants, contacted counsel for all Defendants-Appellees by e-mail about this motion. Sarah Clark, counsel for Defendants-Appellees, stated that Defendants-Appellees oppose the relief requested in this motion. It is not yet known if an opposition will be filed.

Dated: November 2, 2023

/s/   Michael McHale
Michael McHale
*Counsel for Plaintiffs-Appellants*

14

# CERTIFICATE OF SERVICE

I certify that on November 2, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Service will be accomplished by the CM/ECF system and by email to counsel for Defendants-Appellees.

/s/   Nathan Loyd
Nathan Loyd
*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 27(d)(2) and Local Rule 27.4 because this document contains 2042 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 27(d)(1)(E), and 5th CIR. R. 32.1 because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook.

/s/   Nathan Loyd
Nathan Loyd
*Counsel for Plaintiffs-Appellants*
