**No. 23-11038**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————————

ERIC JACKSON; ALARIC STONE; MICHAEL MARCENELLE,

*Plaintiffs-Appellants*,

v.

ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security; LLOYD J. AUSTIN, III, Secretary, U.S. Department of Defense; LINDA FAGAN, Commandant of the Coast Guard; BRIAN PENOYER, Assistant Commandant for Human Resources of the Coast Guard,

*Defendants-Appellees*.

————————————

## DEFENDANTS-APPELLEES' OPPOSITION TO MOTION TO EXPEDITE APPEAL

————————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*
CHARLES W. SCARBOROUGH
SARAH J. CLARK
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8727*

Plaintiffs have moved to expedite the briefing, argument, and disposition of this appeal. The motion should be denied, because plaintiffs have not demonstrated good cause for expedition of this moot case, much less good cause for the asymmetric schedule they have proposed, under which plaintiffs would have more than twice as long as the government to prepare their principal brief.

## STATEMENT

In August 2021, the Secretary of Defense directed the military departments to ensure that all service members were fully vaccinated against COVID-19. ROA.21. Shortly thereafter, the Commandant of the Coast Guard directed that members of the Coast Guard be vaccinated against COVID-19 as well. ROA.21. Service members in the Coast Guard, as in other parts of the military, could seek medical or religious exemptions from this requirement. ROA.24.

Over a year later, three members of the Coast Guard brought this suit to challenge the Coast Guard's vaccination requirement. ROA.5-6. They sought prospective relief, specifically, "(1) a declaration that the Mandate is unlawful; and (2) injunctive relief prohibiting enforcement of the Mandate or Defendants' taking adverse action against Plaintiffs related to the Mandate." ROA.1948.

In December 2022, while this case was still pending in district court, the President signed into law the National Defense Authorization Act for Fiscal

Year 2023 (NDAA), which directed the Secretary of Defense to rescind the military's COVID-19 vaccination requirement within 30 days. *See* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, 117th Cong. § 525 (2022). In January 2023, in accordance with the NDAA, the Secretary of Defense rescinded the COVID-19 vaccination requirement for military service members. *See* Memorandum re: Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces (Jan. 10, 2023), https://perma.cc/L9L2-PF6F (Rescission Memorandum). The Rescission Memorandum provides that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds" and that the "Military Departments will update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.*

A day after the Secretary of Defense's Rescission Memorandum, the Coast Guard rescinded its requirement as well. ROA.1948. In addition, the Coast Guard "issued formal policies that prohibit new adverse actions on the basis of vaccination status, require past adverse actions associated with the Mandate to be corrected, and permit full participation in the service by unvaccinated members." ROA.1948.

In August 2023, following the rescission of the challenged requirement and briefing on mootness, the district court dismissed plaintiffs' case as moot, holding that it was no longer possible for the court to grant any effectual relief to plaintiffs and that no exception to mootness applied. *See* ROA.1949-56. Plaintiffs moved for reconsideration and the district court denied that motion as well. Plaintiffs appealed on October 10. ROA.1972-73.

More than seven weeks after the district court's decision denying reconsideration and more than three weeks after appealing, plaintiffs moved to expedite the briefing, argument, and disposition of this appeal. Plaintiffs propose that their opening brief be due November 30, the government's response brief be due December 21, and their reply be due January 4. Mot. 12. Plaintiffs also requested that argument "be scheduled soon after the briefs are completed." *Id.*

## ARGUMENT

The motion to expedite this appeal should be denied. Under Circuit Rule 27.5, an appeal may only be expedited for good cause. Plaintiffs have not demonstrated good cause for expedition here, because this case is moot and they face no credible prospect of future injury, much less imminent injury warranting a departure from this Court's normal briefing and argument schedule.

**1.** Expedition is not warranted here. Plaintiffs challenge a policy that was rescinded almost a year ago. ROA.1948. Since then, numerous courts, including

this Court, have held that analogous challenges and appeals are indeed moot. *See U.S. Navy SEALs 1-26 v. Austin*, 72 F.4th 666 (5th Cir. 2023) (dismissing appeal of preliminary injunction denial as moot); *Bazzrea v. Mayorkas*, --- F. Supp. 3d ----, 2023 WL 3958912 (S.D. Tex. June 12, 2023) (dismissing challenge to Coast Guard's vaccination requirement as moot*); Pilot v. Austin*, No. 8:22-cv-1278 (M.D. Fla. June 15, 2023) (same); *Crocker v. Austin*, No. 22-cv-757 (W.D. La. June 22, 2023) (dismissing challenge as moot); *accord Alvarado v. Austin*, No. 23-1419, 2023 WL 7125168 (Aug. 3, 2023) (dismissing appeal of preliminary injunction denial and dismissal order as moot); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023) (same); *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023) (dismissing appeal of preliminary injunction denial as moot); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (same); *Navy SEAL 1 v. Austin*, No. 22-5114, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam) (same), *reh'g en banc denied*, 2023 WL 2795667 (D.C. Cir. Apr. 4, 2023); *Creaghan v. Austin*, No. 22-5135, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam) (same); *cf.* Order, *Navy SEAL 1 v. Secretary of Defense*, No. 22-10645 (11th Cir. May 9, 2023) (remanding preliminary injunction appeal in light of district court's indicative ruling dismissing the case as moot).

Plaintiffs do not agree that this case is moot. But they provide only bald speculation that they will be harmed at all—much less irreparably harmed—if the Court considers their appeal in the normal course. Nor do they explain why this case should take precedence over other appeals on this Court's docket.

Specifically, plaintiffs argue that expedition is warranted because plaintiff Alaric Stone has a promotion selection board "set for approximately September 2024," at which the promotion board would (according to plaintiffs) have the discretion to consider Stone's vaccination status in making a promotion decision. Mot. 3, 11; *id.* at 2. And plaintiffs assert that the other two plaintiffs—Eric Jackson and Michael Marcenelle—"have yet more career milestones on the horizon." *Id.* at 3. Plaintiffs also assert that they face the "prospect of being denied deployment opportunities" because of their vaccination status. Br. 10. As a preliminary matter, medical data is masked from board review, and the Coast Guard has directed that any administrative remarks relating to the COVID-19 vaccination requirement be removed from all service members' files. *See, e.g.*, ROA.1793. In any event, the speculative harms raised by plaintiffs turn on unfounded assumptions that the Coast Guard will, at some point in the future, choose not to promote or deploy plaintiffs because they are not vaccinated against COVID-19, despite the fact that the Coast Guard prohibits adverse actions on the basis of vaccination status, has required past adverse actions to be

corrected, and permits full participation in the Coast Guard by individuals like plaintiffs. *See* ROA.1948. Such conjectural future harms provide no basis for expediting this appeal.

Plaintiffs further assert that expedition is warranted because they "seek to enforce their rights under the First Amendment." Br. 7. But the Court routinely handles weighty constitutional issues in the normal course. Plaintiffs' mere invocation of the First Amendment does not justify expediting this appeal.

Finally, plaintiffs' own dilatory conduct belies any plausible claim of urgency. The district court issued its mootness dismissal on August 17, 2023. ROA.15. Instead of appealing, plaintiffs waited almost four weeks and then moved for reconsideration. ROA.16. Once the district court's decision on that motion issued, plaintiffs waited another almost four weeks before even appealing and then three weeks beyond that before moving to expedite the appeal. *See* ROA.16.

In short, there is no special urgency to plaintiffs' appeal, nor any reason give this case precedence over the many others on this Court's docket.

**2.** If the Court were to expedite this case, it should give plaintiffs and defendants comparable time to prepare their briefs. Plaintiffs appealed on October 10. Were the Court to order the opening brief filed by November 30 (per plaintiffs' request), plaintiffs would have had more than 50 days to prepare

their brief. Defendants should receive the same amount of time, rather than the

three weeks proposed by plaintiffs.

## CONCLUSION

The motion to expedite should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

CHARLES W. SCARBOROUGH

*/s/ Sarah J. Clark*
SARAH J. CLARK
  *Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 305-8727
  sarah.clark@usdoj.gov*

NOVEMBER 2023

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I electronically filed the foregoing opposition with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*/s/ Sarah J. Clark*

SARAH J. CLARK

# CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d) because it contains 1,367 words. This opposition also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Calisto MT 14-point font, a proportionally spaced typeface.

*/s/ Sarah J. Clark*
SARAH J. CLARK