No. 23-11038

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————

ERIC JACKSON; ALARIC STONE; MICHAEL MARCENELLE,

Plaintiffs-Appellants,

v.

ALEJANDRO MAYORKAS, SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY; LLOYD J. AUSTIN, III, SECRETARY, U.S.
DEPARTMENT OF DEFENSE; LINDA FAGAN, COMMANDANT OF THE
COAST GUARD; BRIAN PENOYER, ASSISTANT COMMANDANT FOR
HUMAN RESOURCES OF THE COAST GUARD,

Defendants-Appellees.

———————————

On Appeal from the United States District Court
for the Northern District of Texas (Fort Worth)

———————————

### BRIEF FOR APPELLEES

———————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

LEIGHA SIMONTON
  *United States Attorney*

CHARLES W. SCARBOROUGH
SARAH J. CLARK
  *Attorneys, Appellate Staff
  Civil Division, Room 7216
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 305-8727*

## CERTIFICATE OF INTERESTED PERSONS

*Jackson v. Mayorkas*, No. 23-11038 (5th Cir.)

A certificate of interested persons is not required, as defendants-appellees are all governmental parties. 5th Cir. R. 28.2.1.

*s/ Sarah J. Clark*
Sarah J. Clark

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not needed here because this case presents a question of mootness already resolved by numerous courts. However, defendants-appellees stand ready to present argument if it would assist the Court.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES

STATEMENT OF JURISDICTION ................................................................ 1

STATEMENT OF THE ISSUE ................................................................. 1

STATEMENT OF THE CASE .................................................................. 2

    A.    The Coast Guard's Former COVID-19 Vaccination Requirement .......... 2

    B.    Plaintiffs' Challenge to the Coast Guard's Former COVID-19
        Vaccination Requirement ........................................................... 4

SUMMARY OF ARGUMENT ................................................................. 7

STANDARD OF REVIEW ................................................................... 9

ARGUMENT ................................................................................. 9

THIS CASE IS MOOT ....................................................................... 9

    A.    The rescission of the Coast Guard's COVID-19 vaccination
        requirement mooted plaintiffs' claims. ........................................ 9

    B.    No exception to mootness applies here. ..................................... 18

        1.    The voluntary cessation exception does not apply. ..................... 18

        2.    The exception for injuries capable of repetition but evading
            review does not apply. ...................................................... 21

    C.    The district court did not abuse its discretion in denying plaintiffs'
        motion for relief from the judgment ......................................... 23

CONCLUSION .............................................................................. 25

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                 **Page(s)**

*Alvarado v. Austin*,
   No. 23-1419, 2023 WL 7125168 (4th Cir. Aug. 3, 2023) ......................................... 11

*Amawi v. Paxton*,
   956 F.3d 816 (5th Cir. 2020) ..................................................................................... 11

*Austin v. U.S. Navy SEALs 1-26*,
   142 S. Ct. 1301 (2022) ...................................................................... 16, 16-17

*Bazzrea v. Mayorkas*,
   No. 3:22-cv-265, 2023 WL 3958912 (S.D. Tex. June 12, 2023) ........................ 7, 12

*County of Los Angeles v. Davis*,
   440 U.S. 625 (1979) ..................................................................................... 12

*Crocker v. Austin, Civ.*
   No. 22-0757, 2023 WL 4143224 (W.D. La. June 22, 2023),
   *appeal docketed*, No. 23-30497 (5th Cir. July 25, 2023) ................................ 12

*Danos v. Jones*,
   652 F.3d 577 (5th Cir. 2011) ..................................................................... 17

*DeMoss v. Crain*,
   636 F.3d 145 (5th Cir. 2011) ............................................................... 10, 19

*Dial One of the Mid-South, Inc. v. BellSouth Telecomms., Inc.*,
   401 F.3d 603 (5th Cir. 2005) ...................................................................... 9

*Dunn v. Austin*,
   No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023) ..................................... 12

*Environmental Conservation Org. v. City of Dallas*,
   529 F.3d 519 (5th Cir. 2008) .............................................................................. 18

*Foretich v. United States*,
   351 F.3d 119 (D.C. Cir. 2003) ..................................................................... 17

*Freedom from Religion Found., Inc. v. Abbott*,
   58 F.4th 824 (5th Cir. 2023) .................................................................................. 19, 20

*Gilligan v. Morgan*,
   413 U.S. 1 (1973) ..................................................................................... 16

*Hall v. Louisiana*,
   884 F.3d 546 (5th Cir. 2018) ........................................................... 18

*Harris v. City of Houston*,
   151 F.3d 186 (5th Cir. 1998) ........................................................... 11

*Hewlett-Packard Co. v. Quanta Storage, Inc.*,
   961 F.3d 731 (5th Cir. 2020) ........................................................... 25

*ITT Rayonier Inc. v. United States*,
   651 F.2d 343 (5th Cir. Unit B July 1981) ............................................ 21, 22

*Kendall v. Doster*,
   No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023) ............................... 11

*Meadows v. Odom*,
   198 F. App'x 348 (5th Cir. 2006) ..................................................... 21

*Navy SEAL 1 v. Austin*,
   Nos. 22-5114, 22-5135, 2023 WL 2482927 (D.C. Cir. Mar. 10),
   *cert. denied*, 144 S. Ct. 97 (2023) .................................................. 12

*Orloff v. Willoughby*,
   345 U.S. 83 (1953) ...................................................................... 16

*Robert v. Austin*,
   72 F.4th 1160 (10th Cir. 2023), *cert. denied*,
   No. 23-600, 2024 WL 72062 (U.S. Jan. 8, 2024) ................................ 11-12

*Roth v. Austin*,
   62 F.4th 1114 (8th Cir. 2023) ......................................................... 12

*Shemwell v. City of McKinney*,
   63 F.4th 480 (5th Cir. 2023) ............................................................. 9

*Short v. Berger*,
   Nos. 22-15755, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) ..................... 12

*Sossamon v. Lone Star State of Tex.*,
   560 F.3d 316, 325 (5th Cir. 2009).................................................... 19

*Spell v. Edwards*,
   962 F.3d 175 (5th Cir. 2020) ................................................... 6, 10, 21

*U.S. Navy SEALs 1-26 v. Biden*,
   72 F.4th 666 (5th Cir. 2023) ................................ 6, 8, 10, 11, 19, 20, 21, 22

*Yarls v. Bunton*,
   905 F.3d 905 (5th Cir. 2018) .................................................................. 6, 10, 18, 19, 21

**Statutes:**

James M. Inhofe National Defense Authorization Act for Fiscal Year 2023,
   Pub. L. No. 117-263, 136 Stat. 2395 (2022) ..................................................... 3
      § 525, 136 Stat. at 2571-72 ................................................................. 19

5 U.S.C. § 702 ....................................................................................... 1

10 U.S.C. § 1552 .................................................................................. 17

14 U.S.C. § 2120(d) ............................................................................. 15

28 U.S.C. § 1291 .................................................................................... 1

28 U.S.C. § 1331 .................................................................................... 1

28 U.S.C. § 1346 .................................................................................... 1

28 U.S.C. § 1361 .................................................................................... 1

42 U.S.C. § 2000bb-1(c) ......................................................................... 1

**Rules:**

Fed. R. App. P. 4(a)(1)(B) ...................................................................... 1

Fed. R. Civ. P. 60(b) ..................................................................... 7, 9, 23

**Other Authorities:**

Dep't of Def., Memorandum (Aug. 24, 2021), https://perma.cc/T3CR-BY2F ......... 1

Joint Forces, *Immunizations and Chemoprophylaxis for the Prevention of
   Infectious Diseases* (Oct. 7, 2013), https://perma.cc/X4PL-FZFA ............................ 2

Order, *Navy SEAL 1 v. Secretary of the U.S. Dep't of Def.*, No. 22-10645
   (11th Cir. May 9, 2023), Dkt. No. 77 ........................................................ 12

Order, *Pilot v. Austin*, No. 8:22-cv-1278 (M.D. Fla. June 15, 2023),
   Dkt. No. 222 ................................................................................. 12

*Transcript: Sabrina Singh, Deputy Pentagon Press Secretary Holds a Press Briefing*,
U.S. Dep't of Def. (Dec. 7, 2022), https://perma.cc/EXQ2-FNBN ........................ 3

U.S. Coast Guard, *Board for Correction of Military Records of the Coast Guard*,
https://perma.cc/Z9L4-4P6P ............................................................................ 17

U.S. Coast Guard, ALCOAST 291/23 (Aug. 11, 2023),
https://perma.cc/X4VM-SL2V ...................................................................... 23, 24

U.S. Coast Guard, ALCGPSC 155/23 (Dec. 19, 2023) .................................................. 14

U.S. Dep't of Def., Instr. 6205.02, *DoD Immunization Program* (Feb. 27, 2023),
https://perma.cc/H74S-BDVU .......................................................................... 2

## STATEMENT OF JURISDICTION

Plaintiffs invoked the district court's subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1346, 1361; 42 U.S.C. § 2000bb-1(c); and 5 U.S.C. § 702. *See* ROA.19-20. The district court dismissed plaintiffs' claims and entered judgment on August 17, 2023. ROA.1956-57. The district court denied plaintiffs' motion for relief from final judgment on September 14, 2023. ROA.1971. Plaintiffs filed a timely notice of appeal on October 10, 2023. ROA.1972-73; Fed. R. App. P. 4(a)(1)(B). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Plaintiffs are three United States Coast Guard members who object to COVID-19 vaccines on religious grounds. They sought religious exemptions from the Coast Guard's COVID-19 vaccination requirement and, when those requests were denied, challenged the requirement in court. The requirement has since been rescinded in light of the National Defense Authorization Act for Fiscal Year 2023. Following that rescission, numerous courts, including this Court and the Supreme Court, have held that appeals involving the rescinded requirement are moot.

The issue presented on appeal is whether plaintiffs' challenge to the Coast Guard's now-rescinded COVID-19 vaccination requirement is moot.

## STATEMENT OF THE CASE

### A.     The Coast Guard's Former COVID-19 Vaccination Requirement

**1.** In August 2021, the Secretary of Defense directed the military departments to ensure that all service members were fully vaccinated against COVID-19. ROA.21; Dep't of Def., Memorandum (Aug. 24, 2021), https://perma.cc/T3CR-BY2F. Shortly thereafter, the Commandant of the United States Coast Guard directed that members of the Coast Guard be vaccinated against COVID-19. ROA.21; ROA.275 (ALCOAST 305/21). As in other branches of the armed forces, service members in the Coast Guard could seek religious exemptions from the COVID-19 vaccination requirement. ROA.24; ROA.275; ROA.944. If a service member's religious exemption request was denied, the service member could appeal to a senior official. *See* ROA.26; ROA.949. If that too was denied, the service member could either receive the vaccine, wait for the military to initiate separation proceedings, or—if eligible—retire. *See* ROA.950-52.[1]

**2.** In December 2022, Congress passed, and the President signed into law, the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No.

---

[1] The military services—which include the Coast Guard—have a joint policy on immunizations and the Department of Defense Immunization Program, reflected in Department of Defense Instruction 6205.02, applies to the Coast Guard at all times by agreement with the Department of Homeland Security. *See* ROA.938; Joint Forces, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases* (Oct. 7, 2013), https://perma.cc/X4PL-FZFA (alternately known as Coast Guard Commandant's Instruction M6230.4G, Army Regulation 40-562, Air Force Instruction 48-110_IP, and Navy Bureau of Medicine and Surgery Instruction 6230.15B); U.S. Dep't of Def., Instr. 6205.02, *DoD Immunization Program* (Feb. 27, 2023), https://perma.cc/H74S-BDVU.

117-263, 136 Stat. 2395 (2022) (2023 NDAA). Section 525 of the 2023 NDAA—enacted over the objection of the Department of Defense—obligated the Secretary of Defense to rescind the COVID-19 vaccination requirement. 136 Stat. at 2571-2572; *see Transcript: Sabrina Singh, Deputy Pentagon Press Secretary Holds a Press Briefing*, U.S. Dep't of Def. (Dec. 7, 2022), https://perma.cc/EXQ2-FNBN.

On January 10, 2023, the Secretary of Defense rescinded the military's COVID-19 vaccination requirement. ROA.1893 (Rescission Memorandum). The Rescission Memorandum provided that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds." ROA.1893. In addition, it directed the military departments to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand," and to "cease any ongoing reviews of current Service member religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests." ROA.1893. It further stated that former service members who were discharged on the sole basis that they failed to obey an order to receive a COVID-19 vaccine "may petition their Military Department's Discharge Review Boards and Boards for Correction of Military or Naval Records to individually request a correction to their personnel records, including records regarding the characterization of their discharge." ROA.1894. The memorandum noted that commanders retained the ability "to consider,

as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions." ROA.1894.

The following day, the Coast Guard cancelled its COVID-19 vaccination policies "[i]n alignment with the [Department of Defense]." ROA.1895 (ALCOAST 012/23). The Coast Guard then issued additional guidance implementing the rescission. The Coast Guard removed past adverse actions and administrative remarks relating to COVID-19 vaccination from service members' records, prohibited new adverse actions, and canceled the policies that imposed COVID-19 vaccination requirements for assignments, training, education, and command positions. *See, e.g.,* ROA.1448 (ALCGPSC 012/23); ROA.1896-97 (ALCGENL 013/23); ROA.1898 (ALCGOFF 005/23); ROA.1903 (ALCGPSC 024/23); ROA.1905 (ALCGPSC 044/23); ROA.1906 (ALCGPSC 058/23); ROA.1908 (ALCGOFF 042/23). The Coast Guard encouraged members whose advancement was previously withheld due to their vaccination status to pursue advancement in 2023 and directed commanding officers to amend previous recommendations against advancement based on a member's refusal to receive the COVID-19 vaccine. ROA.1897 (ALCGENL 013/23, ¶ 4.A-C).

### B.   Plaintiffs' Challenge to the Coast Guard's Former COVID-19 Vaccination Requirement

**1.** Plaintiffs Eric Jackson, Alaric Stone, and Michael Marcenelle are members of the United States Coast Guard who object on religious grounds to the available

COVID-19 vaccines. ROA.20; ROA.39. They were denied religious exemptions from the Coast Guard's COVID-19 vaccination requirement. ROA.41-44.

Plaintiffs filed suit on behalf of themselves and a putative class in September 2022, bringing claims under the Religious Freedom Restoration Act, First Amendment, and Administrative Procedure Act against the Secretary of Defense, the Secretary of Homeland Security, the Commandant of the Coast Guard, and the Assistant Commandant for Human Resources of the Coast Guard. ROA.17; ROA.56; ROA.67; ROA.79-80. Plaintiffs sought a declaration that the COVID-19 vaccination requirement was unlawful, as well as preliminary and permanent injunctions preventing the enforcement of the requirement. *See* ROA.82.

While plaintiffs' motion for class certification and for a preliminary injunction was pending, Congress enacted the 2023 NDAA, and the Coast Guard rescinded its COVID-19 vaccination requirement. *See supra* p. 4; ROA.93. Defendants then moved to dismiss this case as moot. ROA.1453.

**2.** The district court granted the motion to dismiss and entered judgment on August 17, 2023, observing that "[t]his case [was] no different" than the numerous other decisions dismissing challenges to the military's rescinded COVID-19 vaccination requirement as moot. ROA.1947; ROA.1956-57.

The district court explained that the prospective relief that plaintiffs had requested would not "offer[] Plaintiffs . . . effectual relief." ROA.1951 (quoting *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 673 (5th Cir. 2023)). Enjoining the rescinded

requirement would not provide relief, because "[t]here is no need to enjoin policies that no longer exist." ROA.1949-50 (alteration in original) (quoting *U.S. Navy SEALs 1-26*, 72 F.4th at 672). And a declaratory judgment would not provide relief either. ROA.1950. Because the requirement "is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." ROA.1950 (quoting *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020)). Plaintiffs had failed to show continuing harm or a real and immediate threat of repeated injury in the future. ROA.1950. In short, the court explained, "'[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit,' Plaintiffs' claim for declaratory relief is moot." ROA.1950 (alteration in original) (quoting *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018)).

The court also concluded that no exception to mootness preserved a case or controversy here. There were no collateral consequences that could keep the case alive because there were no lingering consequences of the COVID-19 vaccination requirement that the court could remedy. ROA.1951-53. The voluntary cessation exception did not apply because the rescission of the vaccination requirement was "not . . . mere 'litigation posturing.'" ROA.1954 (quoting *Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912, at *7 (S.D. Tex. June 12, 2023)), and because "the possibility for the Coast Guard to reissue the Mandate [was] too speculative to overcome the mootness doctrine." ROA.1954. And the capable-of-repetition-yet-evading-review exception did not apply because the underlying conditions were not inherently short-

lived and because plaintiffs could only speculate that they would be subject to the same government action in the future. ROA.1955.

**3.** The following month, plaintiffs moved for relief from judgment under Federal Rule of Civil Procedure 60(b). ROA.1958; ROA.1964. Plaintiffs noted that the Coast Guard had announced that it would assist service members who had been separated due to the vaccination requirement in rejoining the Coast Guard and would restore their promotions and advancements. ROA.1958-59; ROA.1966. According to plaintiffs, this only highlighted that the Coast Guard was taking too long to decide whether to grant plaintiff Marcenelle's promotion and provide him with the associated backpay. ROA.1959; ROA.1967. The district court denied plaintiffs' motion for relief from judgment in an order on September 14, 2023. ROA.1971.

## SUMMARY OF ARGUMENT

**A.** This case is moot. Plaintiffs challenged the Coast Guard's COVID-19 vaccination requirement. But the Coast Guard has rescinded that requirement and restored the records of service members—including plaintiffs—who sought religious exemptions from the requirement while it was in effect. The well-established rule that the repeal of a challenged policy moots a case thus applies here, as there is no effectual relief that this Court or the district court could provide to plaintiffs if they prevailed. The district court therefore rightly dismissed the case as moot, consistent with numerous other court decisions following the rescission of the vaccination requirement.

Plaintiffs' attempts to distinguish these other mootness decisions are unavailing. This Court recognized in *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666 (5th Cir. 2023), that a similar appeal involving Navy plaintiffs was mooted by the vaccination requirement's rescission. The same logic applies here. Plaintiffs fail to identify any meaningful differences between the Navy policies at issue in *U.S. Navy SEALs 1-26* and the Coast Guard policies here, nor have they identified any lingering consequences of the vaccination requirement that a court could remedy.

**B.** No exception to mootness applies here. The voluntary cessation exception does not apply, both because Congress directed the rescission of the vaccination requirement and because, absent evidence to the contrary, this Court assumes that formally announced changes to government policy are not litigation posturing and have extinguished the controversy. The exception for injuries capable of repetition but evading review does not apply either. That exception defeats mootness only in exceptional situations where the challenged action is inherently time-limited and there is a reasonable expectation that the same plaintiff will be subjected to the same action in the future. Military vaccination requirements are not inherently time-limited. And plaintiffs are not likely to be subject to the same action in the future: the Coast Guard rescinded the vaccination requirement a year ago, and there is no reason to think that the Coast Guard is likely to reinstate it.

**C.** The district court did not abuse its discretion in denying plaintiffs' motion for relief from final judgment under Federal Rule of Civil Procedure 60(b). Plaintiffs argued

that they were entitled to this relief because the Coast Guard had issued a policy assisting service members who had separated because of the COVID-19 vaccination requirement in returning to the Coast Guard—a policy that plaintiffs believed was more favorable to returning service members and therefore warranted a different decision on mootness. The district court rightly rejected that meritless argument.

## STANDARD OF REVIEW

The district court's grant of a motion to dismiss is reviewed de novo. *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (per curiam). The denial of relief from final judgment under Federal Rule of Civil Procedure 60(b) is reviewed for abuse of discretion. *Dial One of the Mid-South, Inc. v. BellSouth Telecomms., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005).

## ARGUMENT

## THIS CASE IS MOOT.

### A.    The rescission of the Coast Guard's COVID-19 vaccination requirement mooted plaintiffs' claims.

**1.** This challenge to the Coast Guard's COVID-19 vaccination requirement is moot. Now that the requirement has been rescinded, there is no effectual relief that this Court or the district court could provide to plaintiffs. As a result, there is no live case or controversy under Article III and no subject-matter jurisdiction. The district court's decision dismissing the case should be affirmed.

As this Court has already recognized in this very context, "[a] matter is moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (quotation marks omitted) (dismissing appeal of preliminary injunction as moot). A case challenging a specific law "usually becomes moot if the challenged law has expired or been repealed." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.*; *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) (per curiam). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotation marks omitted). Because the mootness doctrine "ensures federal courts are only deciding live cases or controversies," *Spell*, 962 F.3d at 178-79, "[i]f a dispute ceases mid-litigation, so does [the Court's] jurisdiction," *U.S. Navy SEALs 1-26*, 72 F.4th at 672.

The dispute here has ceased because the "challenged policy [has been] repealed." *U.S. Navy SEALs 1-26*, 72 F.4th at 672. The "default rule of mootness" therefore "applies here." *Id.* Plaintiffs challenged the Coast Guard's COVID-19 vaccination requirement and sought prospective relief. ROA.82. The challenged requirement was rescinded over a year ago. ROA.1479; ROA.1481. As a result, there is no longer any effectual relief that a court could grant on plaintiffs' claims. The Court cannot enjoin a

policy that does not exist. *U.S. Navy SEALs 1-26*, 72 F.4th at 672. Nor would a declaration of the vaccination requirement's illegality have any non-speculative consequences for plaintiffs. *See Harris v. City of Houston*, 151 F.3d 186, 191 n.5 (5th Cir. 1998) (explaining that the plaintiffs' request for declaratory relief in addition to an injunction could not save their appeal from a mootness dismissal). As with the Navy plaintiffs in *U.S. Navy SEALs 1-26*, the military "has definitively restored Plaintiffs to equal footing with their vaccinated counterparts through repeated formal policy changes." *See* 72 F.4th at 673. In short, "[t]he plaintiffs' complaint with the defendants has been resolved, and in their favor. Consequently, this case is moot." *See Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020).

Recognizing as much, numerous courts have dismissed as moot cases and appeals challenging the military's COVID-19 vaccination requirement. *See Kendall v. Doster*, No. 23-154, 2023 WL 8531840, at *1 (U.S. Dec. 11, 2023) (vacating court of appeals decision as moot and directing district court to vacate its preliminary injunctions); *U.S. Navy SEALs 1-26*, 72 F.4th at 669 (dismissing preliminary injunction appeal as moot); *see also Alvarado v. Austin*, No. 23-1419, 2023 WL 7125168, at *1 (4th Cir. Aug. 3, 2023) (dismissing appeal of dismissal order as moot); *Robert v. Austin*, 72 F.4th 1160, 1162 (10th Cir. 2023) (same), *cert. denied*, No. 23-600, 2024 WL 72062, at *1 (U.S. Jan. 8, 2024); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023) (same); *Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912, at *1 (S.D. Tex. June 12, 2023) (dismissing case as moot); *Crocker v. Austin*, Civ. No. 22-

0757, 2023 WL 4143224, at *1 (W.D. La. June 22, 2023) (same), *appeal docketed*, No. 23-30497 (5th Cir. July 25, 2023); Order at 2, *Pilot v. Austin*, No. 8:22-cv-1278 (M.D. Fla. June 15, 2023), Dkt. No. 222 (same); *accord Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023) (dismissing appeal of preliminary injunction denial as moot); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (same); *Navy SEAL 1 v. Austin*, Nos. 22-5114, 22-5135, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10) (per curiam) (same), *cert. denied*, 144 S. Ct. 97 (2023); *cf.* Order at 2-3, *Navy SEAL 1 v. Secretary of the U.S. Dep't of Def.*, No. 22-10645 (11th Cir. May 9, 2023), Dkt. No. 77 (per curiam) (remanding preliminary injunction appeal in light of district court's indicative ruling dismissing the case as moot).

**2.** According to plaintiffs, their challenge to the vaccination requirement is not moot because the effects of the rescinded requirement have not been "completely and irrevocably eradicated." *See* Br. 27 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). That is incorrect. To the extent there are lingering current effects, they are not the kind that a court could remedy. And the future effects that plaintiffs fear are too speculative to support a case or controversy.

**a.** Plaintiffs first assert that the Coast Guard is different from the other military services and alone has not issued new policies that would ensure that plaintiffs' COVID-19 vaccination status does not bar them from trainings, promotions, and assignments. *See* Br. 29. This attempt to distinguish the present case from the Supreme Court's decision in *Kendall v. Doster*, this Court's decision in *U.S. Navy SEALs 1-26*, and

12

a host of other mootness decisions is ill-founded. The Coast Guard has cancelled the policies that formerly prevented unvaccinated service members from fully participating in the Coast Guard. In so doing, it restored those members' ability to attend trainings and to compete for command assignments and promotions. *See, e.g.*, ROA.1448 (ALCGPSC 012/23).

Indeed, the Coast Guard—like the other military services—has gone beyond rescinding its former policies implementing the vaccination requirement. It has, for example, ordered all "administrative remarks referencing the Coast Guard's COVID-19 vaccine requirement" be removed "from . . . service members' personnel data records." ROA.1452; ROA.1903 (ALCGPSC 024/23). It has also directed that any Unsatisfactory Conduct marks related to the vaccination requirement "be upgraded to Satisfactory," to ensure that the members were eligible to compete for promotions and advancements. ROA.1905 (ALCGPSC 044/23). It even expressly noted in ALCGENL 013/23 that the Coast Guard had a "particular focus on retaining unvaccinated members, facilitating their participation in Assignment Year 2023 (AY23), and preserving their advancement eligibility." ROA.1896. Plaintiffs suggest (Br. 31-32) that the precise language of ALCGENL 013/23 and ALCGOFF 005/23—which apply to enlisted members and officers, respectively—is not sufficiently protective as to assignments and trainings. But those policies both noted that ALCGPSC 012/23, which was issued January 25, 2023, and which applies to all Coast Guard service members, had "cancel[ed] all assignment, boards and panels, and training restrictions imposed by"

former policies implementing the vaccination requirement. ROA.1896; ROA.1898. These policies do not undercut a conclusion of mootness—they support it.

**b.** Plaintiffs identify a number of purported "collateral consequences" flowing from the vaccination requirement (Br. 33), but none defeats mootness here.

As a preliminary matter, plaintiffs cannot manufacture a case or controversy based on the fact that the Coast Guard maintains other COVID-19 health protocols, such as quarantine requirements. *See* Br. 33. Plaintiffs have challenged the vaccination requirement, which is no longer in effect. And they do not explain how relief geared at a rescinded policy would have any effect on other requirements related to COVID-19 mitigation.

Nor do plaintiffs identify any effects on their careers that a court could remedy. One of plaintiffs' core complaints is that, although plaintiff Marcenelle had been allowed to apply for a retroactive promotion from a Special Selection Board in light of the rescission of the vaccination requirement, he had not yet found out whether he would receive "a nearly automatic promotion to Lieutenant." Br. 33. That concern has now been obviated. The Special Selection Board completed its work and, on December 19, the Secretary of Homeland Security approved the promotion of Marcenelle (and hundreds of other officers) to the grade of lieutenant. *See* U.S. Coast Guard, ALCGPSC 155/23, at 1 (Dec. 19, 2023) (PY24 ADPL Lieutenant Selection Board Results). That promotion is retroactive to the date Marcenelle would have been promoted if selected

last year and Marcenelle will receive backpay reflecting the difference in compensation. *See* ROA.1913 (citing 14 U.S.C. § 2120(d)).

Plaintiffs also complain that, although plaintiff Stone's rating officer last year rated him as "one of few distinguished officers," his rating officer this year rated him merely as a "center of mass" officer. Br. 33 (emphasis omitted). Plaintiffs assert that this change resulted from Stone's inability to attend a required training while the vaccination requirement was in effect, Br. 33 & n.10; ROA.1528, and that these evaluations will be permanent "evidence of alleged inconsistent performance," Br. 38. As a preliminary matter, there is no obvious inconsistency because Stone changed units, roles, and rating officers between the two evaluations. In any event, there is no longer any barrier to his attending the training in question. Nor can he do anything more than speculate that his career will suffer based on when he completes the training or the contents of his most recent evaluation—an evaluation that was overall quite positive. ROA.1531 (stating that Stone is "[r]ecommended for promotion w/best of peers").

Plaintiffs further complain that, when the Coast Guard removed the adverse remarks from their files, it replaced those remarks with copies of the "Navarro memo," Br. 33—the memorandum directing the removal of "administrative remarks referencing the Coast Guard's COVID-19 vaccine requirement from active duty and reserve service members' personnel data records," ROA.1790. The Navarro memo is included in service members' files to document the authority for changing a federal record. ROA.1810. It is only viewable by the military member and by authorized Record

Managers and is not viewable by members of promotion boards or assignment panels. ROA.1810-11. There is therefore no basis for plaintiffs' speculation that the presence of the Navarro memo in their files will harm them in any way.

Even if plaintiffs had identified a concrete effect on their careers, they could not preserve a case or controversy with requests that are outside the Court's authority to grant. It is not within the power of the judiciary to rewrite evaluations or to dispense promotions on behalf of military commanders. *See, e.g.*, *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring) ("As the Court has long emphasized, . . . the 'complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments." (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973))); *Orloff v. Willoughby*, 345 U.S. 83, 92 (1953) ("Whether [the plaintiff] deserves appointment is not for judges to say and it would be idle, or worse, to remand this case to the lower courts on any question concerning his claim to a commission."). Military promotion decisions are far outside the expertise and authority of the judiciary. Indeed, "it is difficult to conceive of an area of governmental activity in which the courts have less competence." *Gilligan*, 413 U.S. at 10. "[J]udges are not given the task of running the Army," and it is for the military, not the courts, to determine service members' fitness for duty, discipline, and assignments. *See Orloff*, 345 U.S. at 92-93; *accord U.S. Navy SEALs 1-26*, 142 S. Ct. at 1302 (Kavanaugh, J., concurring) (admonishing district court for "insert[ing] itself into the Navy's chain of command" and "overriding military commanders' professional

military judgments"). And there are well-established internal military processes that provide an avenue for service members to seek corrections to their records if they believe that is necessary. *See, e.g.*, 10 U.S.C. § 1552; U.S. Coast Guard, *Board for Correction of Military Records of the Coast Guard*, https://perma.cc/Z9L4-4P6P.

**c.** Plaintiffs suggest that, even if their claim for injunctive relief is moot, declaratory relief could remedy their "lingering reputational injuries." Br. 39. Even assuming that such injuries can defeat mootness as a general matter, *but see, e.g., Danos v. Jones*, 652 F.3d 577, 584 (5th Cir. 2011) ("[W]here reputational injury is the lingering effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible and the injury cannot satisfy the requirements of Article III." (alteration in original) (quoting *Foretich v. United States*, 351 F.3d 1198, 1212 (D.C. Cir. 2003))), plaintiffs' asserted reputational injuries are too speculative to support a case or controversy here. Plaintiffs take issue with the fact that, when the Coast Guard rescinded its requirement, it stated that it was "stopping all involuntary administrative separations that resulted from violations of the lawful general orders to become vaccinated against COVID-19," ROA.1895; *see* Br. 39. According to plaintiffs, because the Coast Guard still believes that orders to be vaccinated were lawful, plaintiffs are likely to lose out on opportunities and promotions. Br. 41. They assert that "a court order declaring that service members did not in fact violate a lawful order would go a long way to rehabilitat[ing]" their reputations. Br. 9. But plaintiffs' suggestion that they will lose out on opportunities is pure speculation and indeed is directly undermined by Stone's recommendation for

promotion in his most recent evaluation (*supra* p. 15) and Marcenelle's promotion to lieutenant (*supra* pp. 14-15). Moreover, the only basis plaintiffs identify for their fears is the declaration of Vice Admiral Lee, who retired from active duty service in 2016 and therefore has no direct experience with the implementation of the COVID-19 vaccination requirement or its rescission. *See* ROA.1771.

### B.    No exception to mootness applies here.

#### 1.    The voluntary cessation exception does not apply.

**a.** The voluntary cessation exception to mootness recognizes that "[a]llegations by a defendant that its voluntary conduct has mooted the plaintiff's case require closer examination than allegations that 'happenstance' or official acts of third parties have mooted the case." *Yarls*, 905 F.3d at 910 (quoting *Environmental Conservation Org. v. City of Dallas*, 529 F.3d 519, 528 n.4 (5th Cir. 2008)). That exception does not apply here.

As an initial matter, the rescission of the military's COVID-19 vaccination requirement was mandated by Congress. *See Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018) (explaining that the appeal there "was mooted by actions of the Louisiana legislature, which [was] not a party to [the] suit" and so "[n]o 'fault' in mooting the appeal [was] attributable to any of the defendants, even though some of them [were] officials of the State of Louisiana"). The 2023 NDAA directed the Secretary of Defense—a named defendant in this case—to "rescind the mandate that members of the Armed Forces be vaccinated against COVID-19." 2023 NDAA § 525, 136 Stat. at 2571-72. The Coast Guard is a part of the armed forces. The fact that the 2023 NDAA

specifically referred to the Secretary of Defense and not to the Secretary of Homeland Security does not support the inference that Congress viewed the Coast Guard as free to continue requiring the COVID-19 vaccine.

In any event, even assuming the rescission of the vaccination requirement was voluntary, the Court treats voluntary cessation by the government with special solicitude. *See Yarls*, 905 F.3d at 910. "Government officials in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties." *Id.* at 910-11 (quotation marks omitted); *U.S. Navy SEALs 1-26*, 72 F.4th at 673-74 ("[G]overnmental entities bear a 'lighter burden' . . . in proving that the challenged conduct will not recur once the suit is dismissed as moot." (alterations in original) (quoting *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023)); *accord DeMoss*, 636 F.3d at 150-51. As a result, absent evidence to the contrary, the Court "assume[s] that formally announced changes to official governmental policy are not mere litigation posturing" and have, in fact, extinguished the controversy. *Yarls*, 905 F.3d at 911 (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009)); *accord U.S. Navy SEALs 1-26*, 72 F.4th at 674.

As this Court recognized in *U.S. Navy SEALs 1-26*, the fact that the military "could implement a new vaccine mandate in the future[] . . . does not change the mootness calculus." 72 F.4th at 674. "It is black-letter law that the government's mere 'ability to reimplement the statute or regulation at issue is insufficient to prove the

voluntary-cessation exception.'" *Id.* (quoting *Freedom from Religion Found.*, 58 F.4th at 833). Nor was there any sign of gamesmanship or litigation posturing. *Id.* This Court observed that "[t]he Navy rapidly complied with the NDAA. It then promulgated multiple binding policies going beyond what Congress required to eradicate the effects of the mandate." *Id.* The same is true for the Coast Guard, which has issued detailed guidance designed to eradicate any negative consequences flowing from the vaccination requirement, *supra* pp. 4, 13-14. The district court rightfully concluded, therefore, that the voluntary-cessation exception does not apply. ROA.1954.

**b.** Plaintiffs argue that the "Coast Guard, unlike the other branches, has engaged in transparent litigation posturing." Br. 53. As evidence of this purported posturing, plaintiffs point to the small percentage of religious exemption requests granted while the requirement was in effect (Br. 54-55), the Coast Guard's agreement in this case to delay the separation process for plaintiffs and specific putative class members but not for unnamed class members (Br. 55, 58-59), the Coast Guard's characterization of orders to be vaccinated as "lawful" and the steps it has taken to implement the rescission (Br. 55-56, 59-60), the Coast Guard's plan to re-accession and restore separated members who want to rejoin the service (Br. 56-57), and an outdated Coast Guard webpage about the COVID-19 vaccination requirement (Br. 57).

None of these actions qualifies as "litigation posturing," and none establishes that the rescission of the vaccination requirement was a temporary tactic to avoid judicial review as opposed to a sincere change in policy. Contrary to plaintiffs'

suggestion (Br. 57-62), defendants are not required to promise that they will never again impose any vaccination requirement, nor are they required to disavow the legality of the now-defunct requirement challenged here or the religious exemption process more generally.

## 2. The exception for injuries capable of repetition but evading review does not apply.

**a.** The exception to mootness for injuries capable of repetition but evading review applies only in "exceptional situations," *Spell*, 962 F.3d at 180 (quotation marks omitted), and only when "there is a reasonable expectation that the same complaining party will be subjected to the same action again" and "the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration," *Yarls*, 905 F.3d at 911 (quotation marks omitted); *U.S. Navy SEALs 1-26*, 72 F.4th at 675. The exception ensures that, in situations like "strikes, pregnancies, or elections," where the underlying facts are inherently time-limited, judicial review is not effectively foreclosed. *See Meadows v. Odom*, 198 F. App'x 348, 352 (5th Cir. 2006) (per curiam); *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 346 (5th Cir. Unit B July 1981) (one-year placement on Environmental Protection Agency's list of violating facilities was not so short as to evade review). That exception does not apply to this case.

There is no reasonable expectation that plaintiffs will be subject to the same action again because the Coast Guard has rescinded the challenged vaccination requirement at the direction of Congress and in alignment with the Department of

Defense. *See supra* pp. 3-4. The Coast Guard has not reinstated the requirement over the course of the past year, and there is no indication that it intends to do so in the future. On the contrary, the Coast Guard has gone above and beyond what Congress required in rolling back the effects of the requirement. *See supra* pp. 4, 13-14; *U.S. Navy SEALs 1-26*, 72 F.4th at 674. Nor are vaccination requirements necessarily too short in duration to be fully litigated—they do not "inevitably expire[] before review is possible," *see ITT Rayonier*, 651 F.2d at 346. As a result, even if the military were to impose a new vaccination requirement to which plaintiffs objected, there is no basis to conclude that there would be any impediment to resolving a challenge to that requirement before its cessation.

**b.** Plaintiffs note that the Coast Guard did not finally deny their religious exemption requests until May 2022 and then agreed to delay plaintiffs' involuntary separations while the parties litigated plaintiffs' request for interim relief. Br. 63. According to plaintiffs, these facts—which permitted plaintiffs to remain in service without being vaccinated for well over a year after the vaccination requirement went into effect—were "tactics" designed to "render[] the dispute too short to be fully litigated." *Id.* That accusation is baseless. Far from demonstrating bad faith, these actions demonstrate the Coast Guard's reasonable attempts to accommodate plaintiffs during the pendency of this litigation. Moreover, the fact that plaintiffs, who waited four months to file suit even after their religious exemption requests were finally denied (*id.*), were not able to obtain judicial relief before events overtook their litigation does

22

not mean that their case falls within the exception for disputes that are capable of repetition yet evading review.

### C. The district court did not abuse its discretion in denying plaintiffs' motion for relief from the judgment.

The district court's denial of plaintiffs' motion for relief from final judgment under Federal Rule of Civil Procedure 60(b) should also be affirmed. Rule 60(b) states that the district court "may relieve a party . . . from a final judgment" if, *inter alia*, "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court did not abuse its discretion in concluding that plaintiffs' motion did not warrant that relief.

Plaintiffs premised their motion (ROA.1964) on a Coast Guard policy, issued six days before the district court's initial dismissal decision, in which the Coast Guard announced that it had created a "team to assist former Coast Guard members (active duty and reserve) who separated – voluntarily or involuntarily – due to the previously mandated COVID-19 vaccination" in returning to Coast Guard service. *See* U.S. Coast Guard, ALCOAST 291/23 (Aug. 11, 2023), https://perma.cc/X4VM-SL2V. The policy noted that the "return to service process can be expected to take approximately 30 days; but this will vary on a case-by-case basis." *Id.* Although returning members would not receive backpay, the Coast Guard noted that it would "restore members to their former rank, and those who had promotions or advancements withheld solely due to their COVID-19 vaccination status will have those promotions or advancements

restored during the re-accession process, assuming they meet all other requirements."
*Id.*

Plaintiffs argue that the policy treats separated members more favorably than plaintiffs (specifically plaintiff Marcenelle, who at the time of the motion was waiting to find out if he would receive his retroactive promotion) and therefore "confirms that Plaintiffs have not been placed on 'equal footing' with their vaccinated (and their separated-but-returning unvaccinated) counterparts." *See* Br. 66; ROA.1966-68.

Plaintiffs' argument is meritless, and the district court did not abuse its discretion in rejecting it. The Coast Guard has worked diligently to restore the records, promotions, and advancements for current service members like plaintiffs. The fact that the Coast Guard has also made efforts to assist former service members who would like to return to service does not make plaintiffs worse off. Indeed, because the retroactive promotion that Marcenelle has now received comes with backpay commensurate with his higher rank, he is in a better position than returning service members. The fact that Marcenelle had to wait longer than 30 days (the time estimated, but not promised, for processing returns to service) to receive his promotion does not render the district court's dismissal on mootness grounds inequitable.

Nor did the district court abuse its discretion in treating the motion in a short order. *See* Br. 68-69. The district court noted that it had "reviewed the arguments set forth in the motion" and "the record in the case." ROA.1971. Based on those submissions "and for the reasons set forth in" its mootness decision, the district court

denied plaintiffs' motion. ROA.1971. The brevity of the order alone does not establish that the district court "fail[ed] to 'properly analyze the law or apply it to the facts,'" Br. 68 (quoting *Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 743 (5th Cir. 2020)). On the contrary, the court's succinct order properly reflects the insubstantiality of plaintiffs' challenge to the judgment.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
  *General*

LEIGHA SIMONTON
  *United States Attorney*

CHARLES W. SCARBOROUGH

  *s/ Sarah J. Clark*
SARAH J. CLARK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7216*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8727*
  *sarah.clark@usdoj.gov*

JANUARY 2024

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*s/ Sarah J. Clark*
Sarah J. Clark

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 6,144 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Sarah J. Clark*
Sarah J. Clark