# No. 23-11038

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Eric Jackson; Alaric Stone; Michael Marcenelle,

Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense; Linda Fagan, Commandant of the Coast Guard; Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard,

Defendants - Appellees

## APPELLANTS' UNOPPOSED MOTION
## TO SUPPLEMENT THE RECORD

SUBMITTED BY:

Stephen Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Nathan Loyd
THOMAS MORE SOCIETY
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nloyd@thomasmoresociety.org

Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild
Hochschild Law Firm, LLC
THOMAS MORE SOCIETY
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

# CERTIFICATE OF INTERESTED PERSONS

Eric Jackson; Alaric Stone; Michael Marcenelle,

Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense; Linda Fagan, Commandant of the Coast Guard; Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard,

Defendants - Appellees

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

There are no corporations that are either parents of any of the Plaintiffs-Appellants or that own 10% or more stock in any of the Plaintiffs-Appellants.

## A. Plaintiffs-Appellants

>   Eric Jackson
>   Alaric Stone
>   Michael Marcenelle

## B. Current and Former Attorneys for Plaintiffs-Appellants

Current Attorneys

>   Stephen Crampton
>   THOMAS MORE SOCIETY
>   PO Box 4506
>   Tupelo, MS 38803
>   (662)255-9439
>   scrampton@thomasmoresociety.org
>
>   Michael G. McHale
>   THOMAS MORE SOCIETY
>   10506 Burt Circle, Ste. 110
>   Omaha, NE 68114
>   (402)501-8586
>   mmchale@thomasmoresociety.org
>
>   Nathan Loyd
>   THOMAS MORE SOCIETY
>   5101 Old Highway 5, Box 442
>   Lebanon, GA 30146
>   (559)744-3664
>   nloyd@thomasmoresociety.org
>
>   Adam S. Hochschild
>   Hochschild Law Firm, LLC
>   THOMAS MORE SOCIETY
>   PO Box 401
>   Plainfield, VT 05667
>   (314)503-0326
>   adam@hochschildlaw.com

Former Attorneys

> Mary Catherine Martin
> THOMAS MORE SOCIETY
> 112 S. Hanley Rd., Second Floor
> Clayton, MO 63105
> (314)825-5725
> mmartin@thomasmoresociety.org
>
> Charles W. Fillmore
> H. Dustin Fillmore III
> THE FILLMORE LAW FIRM, L.L.P.
> Fort Worth, TX 76102
> (817)332-2351
> chad@fillmorefirm.com
> dusty@fillmorefirm.com
>
> Paul M. Jonna
> LiMandri & Jonna LLP
> THOMAS MORE SOCIETY
> P.O. Box 9120
> Rancho Santa Fe, CA 92067
> (858)759-994
> pjonna@limandri.com

## C. Defendants-Appellees

> Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security
> Lloyd J. Austin, III, Secretary, U.S. Department of Defense
> Linda Fagan, Commandant of the Coast Guard
> Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard

**D. Current and Former Attorneys for Defendants-Appellees**

<u>Current Attorneys</u>
> Cody Knapp
> Sarah Clark
> United States Department of Justice
> Civil Division
> Federal Programs Branch
> 1100 L Street NW
> Washington, D.C. 20530
> (202)532-5663
> cody.t.knapp@usdoj.gov
> sarah.clark@usdoj.gov

<u>Former Attorney</u>
> Johnny Walker
> United States Department of Justice
> Civil Division
> Federal Programs Branch
> 1100 L Street NW
> Washington, D.C. 20530
> (202)532-5663
> johnny.h.walker@usdoj.gov

**E. Other Interested Persons**
None

Dated: February 7, 2024

> /s/    Michael G. McHale
> Michael G. McHale
> THOMAS MORE SOCIETY
> 10506 Burt Cir., Ste. 110
> Omaha, NE 68114
> (402) 501-8586
> mmchale@thomasmoresociety.org
> *Counsel for Plaintiffs-Appellants*

Plaintiffs respectfully move this Court, without opposition, to supplement the record in the above-captioned matter pursuant to FED. R. APP. PROC. 10 and 27 with Exhibits A and B attached to this Motion.

1.     This case involves a challenge to the Coast Guard's sham religious accommodation process under its COVID-19 vaccine mandate. Plaintiffs in this case are three active-duty Coast Guard members whose sincere religious beliefs prevent them from complying with that mandate.

2.     The District Court dismissed Plaintiffs' claims as moot on August 17, 2023. (ROA.1952.) On appeal, Plaintiffs argue, *inter alia,* that the District Court erred by ignoring collateral consequences of the initial vaccine mandate. One such consequence involves the Coast Guard's handling of Plaintiffs' career records. The Coast Guard removed adverse records of past noncompliance with its unlawful vaccine order from Plaintiffs' career records. But it then inserted a memo into Plaintiffs' career records titled "CORRECTING MILITARY RECORDS." This memo references the removed adverse records and similarly documents past noncompliance. (Dkt. 35, Op.Br. at 16.)

3.     Plaintiffs argue that the case is not moot in part because the replacement memo is itself harmful and will cause future harms, and

1

that there is no federal requirement that memo remain on their records.
(Op.Br. at 36.) The District Court rejected that argument by accepting,
without inspection, the Coast Guard's position that "[s]uch
documentation simply ensures that there is an accurate record of the
changes to Plaintiffs' files and is in accordance with how the military
corrects its records." (ROA.1952.) (citing declaration of a Coast Guard
records manager, ROA.1810). The Coast Guard reiterates that position
on appeal. (Dkt. 39, Resp.Br. at 15.) Notably, its record manager's
declaration further alleges that the harmful memo is intended "to comply
with federal record keeping requirements." ROA.1810.

4.     However, on December 19, 2023, more than four months after
the District Court's Order, Plaintiff Michael Marcenelle was granted a
delayed early promotion by a Special Selection Board. (Resp.Br. at 14.)
On January 17, 2024, the Coast Guard issued a notice to Marcenelle
stating that it corrected his career records by removing a semiannual
evaluation report. (*See* Exs. A & B, attached.)  That report reflected that
he had been previously denied a promotion based on his COVID-19
status.

5.     Accordingly, the proposed new evidence is the official notice provided to Marcenelle that his previous evaluation has been removed (Exhibit A attached hereto) and the Declaration of Michael Marcenelle attesting both that the evaluation was removed *and* that no explanatory memo has replaced it (Exhibit B attached hereto) (*see id.* at ¶¶ 4-8).

6.     This evidence supports Plaintiffs' position that the Coast Guard is not required by federal law to maintain a substitute memo on Plaintiffs' records documenting prior noncompliance with the COVID-19 vaccine mandate, and that it is not standard Coast Guard practice to do so. (*See* Plaintiffs' Reply Brief at 8.)

7.     It also supports Plaintiffs' argument that the Coast Guard is not entitled to a presumption of good faith with respect to its voluntary cessation of the challenged policies, including its purported removal of past adverse actions. (Op.Br. 52-60.)

8.     Further, the Coast Guard relies on Marcenelle's recent promotion in support of its arguments that this appeal is moot (Resp.Br. at 14), even though that promotion occurred after the District Court Order. It is at least equally appropriate for this Court to consider the

attached supplemental evidence related to that same promotion in support of Plaintiffs' argument that this case is *not* moot.

9.   Marcenelle's declaration presents "evidence as to subsequent events not before the courts below which bears upon the issue of mootness." *Matter of Manges*, 29 F.3d 1034, 1041 (5th Cir. 1994). Appellate courts have been "willing to allow supplementation of the record" where, as here, supplemental "declarations . . . illuminate the mootness issue." *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006).

10.   The supplemental evidence informs the Court of the Coast Guard's own recent actions which cast further doubt on these arguments. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) ("Since the court is considering the existence of subject matter jurisdiction, a consideration of all relevant information is necessary to make an informed and final decision"); *Thomas More L. Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011), *abrogated on other grounds by Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) (supplementing the record on appeal with evidence showing injury, noting "[t]he Federal Rules of Appellate Procedure permit the filing of affidavits on appeal");

*Matter of Sims*, 994 F.2d 210, 220 n.15 (5th Cir. 1993) (contrasting cases involving evidentiary rulings from cases where supplementation is permitted, including subject matter jurisdiction issues).

11.   Plaintiffs' counsel has conferred with Defendants' counsel about this motion prior to its filing. Defendants' counsel states Defendants do NOT oppose this motion. *LR 27.4.*

For these reasons, the Court should grant Plaintiffs' Unopposed Motion to Supplement the Record with the above-referenced notice provided to Marcenelle (Ex. A) and Declaration of Marcenelle (Ex. B).

Dated: February 7, 2024

Respectfully submitted,

/s/ Michael G. McHale
Stephen Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586

mmchale@thomasmoresociety.org

Nathan Loyd
THOMAS MORE SOCIETY
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nloyd@thomasmoresociety.org

Adam S. Hochschild
Hochschild Law Firm, LLC
THOMAS MORE SOCIETY
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

I certify that on February 7, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Service will be accomplished by the CM/ECF system.

<u>/s/ Michael G. McHale</u>
*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 27(d)(2) because this motion contains 839 words.

2.  This motion complies with the typeface requirements of FED. R. APP. P. 27(d)(1) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook.

/s/   Michael G. McHale
*Counsel for Plaintiffs-Appellants*

EXHIBIT A



**U.S. Department of Homeland Security**

**United States Coast Guard**

Commander
United States Coast Guard
Personnel Service Center

2703 Martin Luther King Jr. Ave. SE
Washington DC 20593-7200
Staff Symbol: CG PSC (opm-3)
Phone: (202) 795-6468

1070
17 Jan 2024

# MEMORANDUM

Digitally signed by
NOLAN.KELLEE.M.1013126271    NOLAN.KELLEE.M.1013126271
Date: 2024.01.29 14:04:30 -05'00'

From:   Kellee M. Nolan, CDR
        CG PSC-OPM-3

To:     Michael C. Marcenelle, LT, 2144596

Subj:   CORRECTION TO RECORD

Ref:    (a) Special Selection Board Results dtd 04Jan2024
        (b) Coast Guard Officer Evaluation System Procedures Manual, PSCINST M1611.1D

1.   Your promotion was reinstated per reference (a).  Changes to your record as annotated below are based upon the authority granted under reference (b).

2.   Your Officer Evaluation Report (OER) with the end of period date of 30Jun2023 was removed from your electronically imaged Coast Guard Military Human Resource Record. Your next required OER submission 31May2024 and should document all performance from 01Feb2023 to 31May2024.

#

Copy:   CG PSC-OPM
        TRACEN YORKTOWN

EXHIBIT B

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

**ERIC JACKSON**, **ALARIC STONE**, )
and **MICHAEL MARCENELLE**, )
on behalf of themselves and all others )
similarly situated, )
                                       )     Case No. 23-11038
                    Plaintiffs, )
v. )
                                       )
**ALEJANDRO N. MAYORKAS**, )
in his official capacity as )
Secretary of Homeland Security, et al.,)
                                       )
                    Defendants. )

## <u>DECLARATION OF LIEUTENANT MICHAEL MARCENELLE</u>

Pursuant to <u>28 U.S.C. § 1746</u>, I, Michael Marcenelle, under

penalty of perjury declare as follows:

1.      I am over the age of eighteen and am competent to make this

declaration.

2.      On January 17, 2024, the Coast Guard issued a memo titled

"CORRECTION TO RECORD" informing me that it had removed a semi-

annual evaluation from my career records following the September 18,

2023, Special Selection Board's grant of my delayed promotion on

1

December 19, 2023. (See **Exhibit A** to Plaintiffs' Motion to Supplement the Record on Appeal filed herewith.)

3.    Prior to the removal, that evaluation, covering the evaluation period ending June 30, 2023, had been stored in my career records within the Coast Guard Military Human Resource Record (CGMHRR) file system, viewed through a Coast Guard system called the Interactive Personnel Electronic Records Management System (iPERMS).

4.    This is the same file system that formerly stored the CG-3307 document my commander issued on May 31, 2022, which accused me of violating the order to receive the COVID-19 vaccine. The Coast Guard removed that CG-3307 and inserted a memorandum issued by Dr. Navarro titled "CORRECTING MILITARY RECORDS."

5.    I have confirmed that Dr. Navarro's memo is still in my CGMHRR career records.

6.    I understand that the Coast Guard's position is that Dr. Navarro's memo must remain on my record to document the authority for changing a federal record.

7.    However, I have confirmed that my recently rescinded June 30, 2023, evaluation is no longer in my CGMHRR career records, and that

my records do not contain any item documenting that my June 30, 2023, evaluation was removed.

8.    There is no evidence at all in my career records that the evaluation dated June 30, 2023, ever existed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2024.

Michael Marcenelle