

February 20, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
**Via ECF**

Re: *Jackson v. Mayorkas*, No. 23-11038

Dear Mr. Cayce,

    Pursuant to FRAP 28(j), Plaintiffs-Appellants respectfully submit the attached recent authority, *U.S. Navy SEALs 1-26 v. Biden*, No. 4:21-cv-01236 (N.D. Tex. Feb. 14, 2024) (Exhibit A hereto). In concluding the case is *not* moot following this Court's remand, the District Court held that "live harm remains" because the Navy has "announced no changes to its overarching religious accommodation *process*," even though the plaintiffs alleged that process was a "sham" and mere "theater." Ex.A at 1, 5, 7 (emphasis added). The challenged procedural problems included "foregoing the required individualized assessments, citing standardized policy memos (even if outdated) to satisfy the compelling interest requirement, and using boilerplate statements" to assert least restrictive means. *Id.* at 7-8. The Court emphasized that the plaintiffs' Complaint "repeatedly t[ook] issue with 'Defendants' policies and practices' rather than just the Mandate," including those that "pre-date the COVID-19 pandemic." *Id.* at 9-10 (citing, e.g., BUMEDINST. 6230.15).

    Here, Plaintiffs are likewise challenging the Coast Guard's "sham" religious accommodation *process*—indeed, it is the primary gravamen of their request for *class*-wide relief—as highlighted in Plaintiffs' briefs to this Court (*see, e.g.*, Op.Br. at 58-62 (Dkt. #35); Rep.Br. at 25-26 (Dkt. #41-1); ROA.52, 61-62, 73). Notably, Plaintiffs similarly challenge Coast Guard policies that pre-dated and/or were exposed by the Mandate, including COMDTINST M6230.4G (the Coast Guard's identical version of BUMEDINST 6230.15) and COMDTINST 1000.15 ("Military Religious Accommodations"), and the discriminatory and/or illusory application thereof. (*See, e.g.*, Op.Br. at 5-7; ROA.24-25, 40-46.) Thus, Plaintiffs' case is not moot for the same reasons.

    Further, while the attached decision separately found that disputes regarding "*past* harms" are moot in part given the decision from which Plaintiffs here are appealing, *Jackson v. Mayorkas*, 2023 WL 5311482 (N.D. Tex. Aug. 17, 2023), Plaintiffs respectfully challenge that analysis for reasons explained in their briefs to this Court (*see* Op.Br. at 27-47; Rep.Br. at 3-14). However, the new decision recognizes the Navy still prohibits consideration of COVID-19 vaccination status in



*operational* assignments, Ex.A at 13, which is *not* true in the Coast Guard (*see, e.g.*, Op.Br. 29-35, Rep.Br. 3-7).

                              Respectfully submitted,

                              */s/ Michael McHale*
                              Michael G. McHale
                              Counsel for Plaintiffs-Appellants

cc: All counsel of record via ECF or email.

The body of this letter is 342 words in compliance with FRAP 28(j)