

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Room 7216
Washington, DC 20530

Tel: 202-305-8727

February 23, 2024

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

RE:     *Jackson v. Mayorkas*, No. 23-11038 (5th Cir.)
        Response to Rule 28(j) Notice of Supplemental Authority

Dear Mr. Cayce:

The government writes in response to plaintiffs' February 20, 2024 letter submitting a district court order in *U.S. Navy SEALs 1-26 v. Biden*, No. 4:21-cv-1236 (N.D. Tex. Feb. 14, 2024).

As a preliminary matter, the interlocutory district court order in *Navy SEALs 1-26* is wrong and it is not binding authority. Even on its own terms, however, it does not assist plaintiffs here. The district court in *Navy SEALs 1-26* recognized that numerous courts, including the Supreme Court, had ruled in the government's favor on similar mootness issues. Order 4-5 & nn.8-10 (citing, *inter alia*, the district court decision at issue in this appeal). But, according to the district court, there was "a critical distinction" between *Navy SEALs 1-26* and these other decisions. *Id.* at 14. After "closely stud[ing]" each of those cases," the district court concluded that *Navy SEALs 1-26* had an attribute that "separate[d] [that] case from the rest"— specifically, "unlike *each* of those other cases, not one asserted, as a primary harm *at the time of filing,* that the entire religious accommodation process was flawed." Order 5, 14; *see also id.* at 12 (citing the decision at issue in this appeal as an example of a case where it would be "impossible for the

Court to grant effectual relief to any party"). By its own terms, then, the district court's order provides no support for plaintiffs' assertion that their own challenge to the vaccination requirement remains live. And plaintiffs' own complaint undermines their belated attempt to recharacterize their suit as a challenge to the religious accommodation process writ large. ROA.82 (seeking relief only as to "the Mandates," defined as the "DoD Mandate, Coast Guard Mandate, and any and all other related vaccine mandate orders," ROA.22); ROA.24-25, 40-46 (discussing the religious accommodation process only in relation to the vaccination requirement). Under the logic of *Navy SEALs 1-26*, therefore, the decision at issue in this case should be affirmed.

Sincerely,

*/s/ Sarah J. Clark*
Sarah J. Clark
Counsel for the United States

cc:    Counsel of Record (via CM/ECF)