

March 20, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
**Via ECF**

Re: *Jackson v. Mayorkas*, No. 23-11038

Dear Mr. Cayce,

      Pursuant to FRAP 28(j), Plaintiffs-Appellants respectfully notify this Court of the Supreme Court's new, unanimous decision in *FBI v. Fikre*, No. 22-1178 (U.S. March 19, 2024) (Exhibit A hereto), which directly affects the mootness analysis in this case.

      *Fikre* clarifies that "*government defendants no less than private ones*" have a "*formidable burden*" to show a voluntarily ceased practice "cannot reasonably be expected to recur." (Slip.Op. 6 (emphasis added).) The Court declined to adopt the Solicitor General's argument that government defendants are allegedly entitled to a "presumption" of "good faith." *Compare Fikre*, Slip.Op. 5-9, *with* Petitioners' Br. at 19-20 (Nov. 13, 2023).[1] *Fikre* instead holds that "[i]n *all* cases, it is *the defendant's burden* to establish that it cannot be reasonably expected to resume *its* challenged conduct . . . whether the challenged conduct might recur immediately *or later at some more propitious moment*." *Fikre*, Slip.Op. 8 (first, second, fourth emphasis added).

      *Fikre* supersedes this Court's prior rulings that "[g]overnmental entities bear a 'lighter burden' in proving that the challenged conduct will not recur," based on the notion that "without evidence to contrary, we assume that formally announced changes to official government policy are not mere litigation posturing." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 673-674 (5th Cir. 2023) (cleaned up). That incorrect standard—which the District Court in this case applied below (ROA.1953)—effectively flipped the burden to the *plaintiffs* to show mootness where the government voluntarily ceased challenged practices. Rather, the burden is the government's alone, and the burden is formidable. *Fikre*, Slip.Op. 6-8. (*Accord* Opening.Br. 52, Reply.Br. 19.)

---

[1] https://www.supremecourt.gov/DocketPDF/22/22-1178/289435/20231113154203186_22-1178ts%20FBI%20v.%20Fikre%20FILE.pdf#page=25.

309 West Washington Street | Suite 1250 | Chicago, IL 60606 | 312.782.1680 | thomasmoresociety.org

March 20, 2024
Page 2 of 2

*Fikre* also confirms that the question is *not* whether the government acted "with an eye toward resuming the challenged conduct *as soon as the courts were done*," *SEALS 1-26*, 72 F.4th at 675 (emphasis added), but whether the government has "demonstrat[ed] that it cannot reasonably be expected to do again *in the future*"—whether "immediately *or later*"—what it did in the past. *Fikre*, Slip.Op. 7-8 (emphasis added).

Because here the Coast Guard has not met that "formidable standard" (Slip.Op. 8), this case is not moot.

                                      Respectfully submitted,

                                      */s/ Michael McHale*
                                      Michael G. McHale
                                      Counsel for Plaintiffs-Appellants

cc: All counsel of record via ECF or email.

The body of this letter is 349 words in compliance with FRAP 28(j)