

Thomas More SOCIETY

March 25, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
**Via ECF**

Re: *Jackson v. Mayorkas*, No. 23-11038

Dear Mr. Cayce,

Plaintiffs-Appellants write in response to the Coast Guard's March 20, 2024, letter notifying the Court of the March 18 dismissal order in *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio). That order is inapposite here.

In *Doster*, the Air Force plaintiffs "*concede[d]* that the mandate's recission moots most of th[e] case," and only two plaintiffs sought *retrospective* relief (backpay and retirement points) but did not actually request such relief in their Complaint. Slip.Op. 4-5 (emphasis added, internal quote omitted). *Doster* found no ongoing "collateral consequences" because of that pleading omission and the plaintiffs' request to be paid for *unworked* drill periods. Slip.Op. 7-11.

Here, in contrast, the Coast Guard Plaintiffs are seeking *prospective* relief *already afforded to Air Force service members*. As the Coast Guard's counsel recently informed this Court in their capacity as Air Force counsel: Department of Defense "policy prevents the Air Force from using vaccination status to deny deployment eligibility, training opportunities, and assignments," thus preventing "commanders [from] considering" vaccination status in such decisions. Appellees' Br. 12, 14, *Crocker v. Austin*, No. 23-30497 (Jan. 31, 2024) (internal quotes omitted). This Court deemed such protection "critical" to avoiding mootness in a materially identical context. *Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 673 (5th Cir. 2023). Yet the *Coast Guard* has failed to protect Plaintiffs from such "commander"-level discrimination (*see* Op.Br. 29-32, Reply.Br. 3-7) and has not specified otherwise here (*see* Appellees' Br. 11-13; Appellees' response to Plaintiffs' 28(j) letter, Doc. 54).

Plaintiffs also seek prospective relief from ongoing *reputational harm*, as remediable under this Court's caselaw (Op.Br. 23, 39-44) and from the Coast Guard's *sham religious accommodation process itself* (Op.Br. 58-62), which the *Doster* plaintiffs did not pursue on remand and which Plaintiffs here have challenged even more explicitly than their counterparts in the Navy (*compare* ROA.54 *with SEALs* Am.Compl. ¶58, Doc. 84, No. 4:21-cv-01236-O, Jan. 24, 2022).

March 25, 2024
Page 2 of 2

These unremedied harms further prevent mootness. *See* Doc. 50-1; *SEALs 1-26 v. Biden*, No. 4:21-cv-01236-O, Doc. 262, Feb. 14, 2024.

      This is all the more true under *FBI v. Fikre*, No. 22-1178 (U.S. March 19, 2023). *See* Doc. 66-1.

      Respectfully submitted,

      */s/ Michael McHale*
      Michael G. McHale
      Counsel for Plaintiffs-Appellants

cc: All counsel of record via ECF or email.

The body of this letter is 349 words in compliance with FRAP.