# No. 23-11038

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Eric Jackson; Alaric Stone; Michael Marcenelle,

Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense; Linda Fagan, Commandant of the Coast Guard; Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard,

Defendants - Appellees

## APPELLANTS' SECOND UNOPPOSED MOTION TO SUPPLEMENT THE RECORD

SUBMITTED BY:

Stephen Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Nathan Loyd
THOMAS MORE SOCIETY
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nloyd@thomasmoresociety.org

Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild
Hochschild Law Firm, LLC
THOMAS MORE SOCIETY
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

# CERTIFICATE OF INTERESTED PERSONS

Eric Jackson; Alaric Stone; Michael Marcenelle,

Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense; Linda Fagan, Commandant of the Coast Guard; Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard,

Defendants - Appellees

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th C<small>IR</small> Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

There are no corporations that are either parents of any of the Plaintiffs-Appellants or that own 10% or more stock in any of the Plaintiffs-Appellants.

**A. Plaintiffs-Appellants**

    Eric Jackson
    Alaric Stone
    Michael Marcenelle

**B. Current and Former Attorneys for Plaintiffs-Appellants**

<u>Current Attorneys</u>
    Stephen Crampton
    THOMAS MORE SOCIETY
    PO Box 4506
    Tupelo, MS 38803
    (662)255-9439
    scrampton@thomasmoresociety.org

    Michael G. McHale
    THOMAS MORE SOCIETY
    10506 Burt Circle, Ste. 110
    Omaha, NE 68114
    (402)501-8586
    mmchale@thomasmoresociety.org

    Nathan Loyd
    THOMAS MORE SOCIETY
    5101 Old Highway 5, Box 442
    Lebanon, GA 30146
    (559)744-3664
    nloyd@thomasmoresociety.org

    Adam S. Hochschild
    Hochschild Law Firm, LLC
    THOMAS MORE SOCIETY
    PO Box 401
    Plainfield, VT 05667
    (314)503-0326
    adam@hochschildlaw.com

Former Attorneys

    Mary Catherine Martin
    THOMAS MORE SOCIETY
    112 S. Hanley Rd., Second Floor
    Clayton, MO 63105
    (314)825-5725
    mmartin@thomasmoresociety.org

    Charles W. Fillmore
    H. Dustin Fillmore III
    THE FILLMORE LAW FIRM, L.L.P.
    Fort Worth, TX 76102
    (817)332-2351
    chad@fillmorefirm.com
    dusty@fillmorefirm.com

    Paul M. Jonna
    LiMandri & Jonna LLP
    THOMAS MORE SOCIETY
    P.O. Box 9120
    Rancho Santa Fe, CA 92067
    (858)759-994
    pjonna@limandri.com

**C. Defendants-Appellees**

    Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security
    Lloyd J. Austin, III, Secretary, U.S. Department of Defense
    Linda Fagan, Commandant of the Coast Guard
    Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard

## D. Current and Former Attorneys for Defendants-Appellees

<u>Current Attorneys</u>
    Cody Knapp
    Sarah Clark
    United States Department of Justice
    Civil Division
    Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20530
    (202)532-5663
    cody.t.knapp@usdoj.gov
    sarah.clark@usdoj.gov

<u>Former Attorney</u>
    Johnny Walker
    United States Department of Justice
    Civil Division
    Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20530
    (202)532-5663
    johnny.h.walker@usdoj.gov

## E. Other Interested Persons
None

Dated: April 26, 2024

                            <u>/s/ Nathan Loyd</u>
                            Nathan Loyd
                            THOMAS MORE SOCIETY
                            5101 Old Highway 5, Box 442
                            Lebanon, GA 30146
                            (559)744-3664
                            nloyd@thomasmoresociety.org
                            *Counsel for Plaintiffs-Appellants*

Plaintiffs respectfully move this Court, without opposition, to supplement the record in the above-captioned matter pursuant to Fed. R. App. Proc. 10 and 27 with Exhibits A and B attached to this Motion. Plaintiffs seek to supplement the record now, having only very recently discovered this additional evidence. In accordance with L.R. 27.4, Plaintiffs respectfully request that this motion be acted upon by April 29, 2024, to allow the Court to consider this additional evidence prior to oral arguments scheduled for April 30, 2024.

1.  This case involves a challenge to the Coast Guard's sham religious accommodation process under its COVID-19 vaccine mandate and its persistent refusal to return Plaintiffs to equal footing with their unvaccinated peers. Plaintiffs in this case are three active-duty Coast Guard members whose sincere religious beliefs prevented them from complying with that mandate.

2.  The Coast Guard has represented to this Court that this case is moot and asserts that it has "definitively restored Plaintiffs to equal footing with their unvaccinated counterparts." (Dkt. 39, Resp.Br. at 11.) As support, the Coast Guard points to its order to replace documents "referencing the Coast Guard's COVID-19 vaccine requirement" in

1

Plaintiffs' "personnel data records" with a memorandum documenting the replacement. (Id. at 15; *see* ROA.1790.) Plaintiffs argue, however, that this scarlet-letter memorandum itself documents Plaintiffs' past noncompliance, because the only people with this memorandum in their records are those who did not comply with the mandate. (Dkt. 35, Op.Br. at 22.)

3. Nonetheless, as Plaintiffs have documented (ROA.1524), the Coast Guard has failed to implement this replacement order before. Two months after the replacement order issued, Plaintiff Jackson discovered that a Coast Guard form CG-3307 recording his vaccination status remained in his electronic file. In response, the Coast Guard directed the replacement of that CG-3307 in Jackson's records and implied Jackson was to blame for the oversight. (ROA.1810.)

4. The proposed new evidence is a Declaration of Eric Jackson (Exhibit A attached hereto) and a Declaration of Michael Marcenelle (Exhibit B attached hereto) attesting that both Plaintiffs found copies of CG-3307s referencing their vaccination statuses in their paper personnel data records. The attached new evidence shows yet again that the Coast

2

Guard failed to implement its own replacement order that supposedly helps moot this case.

5. Specifically, on April 17, 2024, more than year after the Coast Guard issued the policy to replace the records referencing a vaccine requirement, a Coast Guard records technician provided Plaintiff Jackson a paper copy of his personnel data records. (Ex.A at ¶ 2.) Jackson was unaware that this paper version still existed, because he exclusively used the Coast Guard's digital records system to access his personnel data records in recent years. (Id.) When Jackson completed his review of the paper copy on April 23, he discovered that the paper copy still contained each CG-3307 he received referencing his vaccination status. (Id. at ¶ 3, 6.)

6. On April 24, 2024, upon learning that his co-plaintiff's paper file still contained CG-3307s that should have been replaced, Plaintiff Marcenelle inquired whether his administrative office held a paper copy of his personnel data records too. Marcenelle learned that it did, and inspected that copy on April 25, 2024. (Ex.B. at ¶ 4-5.)

7. Like Jackson, Marcenelle discovered that his paper file also contained each CG-3307 he received regarding his vaccination status,

3

including one alleging that he violated a lawful order. (Ex.B. at ¶ 5; *see* ROA.416.) Marcenelle requested the CG-3307s be removed from his paper personnel data records. (Id. at ¶ 5).

8. Neither Jackson nor Marcenelle found a copy of the replacement memorandum in their paper personnel data records. (Ex. A at ¶ 5; Ex.B. at ¶ 7.)

9. Both Plaintiffs' files were held in their respective units' administrative offices and are believed to be accessible to their respective commanders. (Ex.A. at ¶ 2; Ex.B. at ¶ 4, 9.)

10. Thus, despite representing to Plaintiffs, the District Court, and this Court that it had removed records of noncompliance from Plaintiffs' files, the Coast Guard has been retaining hidden backup copies of these records in paper form.

11. This evidence contradicts the District Court's finding that "personnel records documenting Plaintiffs' failure to comply with the Mandate were removed." (ROA.1951-52.) It also contradicts the Coast Guard's assertions to this Court of the same (Dkt. 39, Resp.Br. at 4) and its argument that Plaintiffs have been restored to equal footing with their

4

vaccinated peers (id. at 24), since Plaintiffs' vaccinated peers have no paper records of vaccine noncompliance.

12.  This evidence also reconfirms the need for declaratory judgment supporting Plaintiffs' position that the COVID-19 vaccine mandate violated Plaintiffs' rights under RFRA and the First Amendment. (ROA.82.) Even if these specific paper records are eliminated, it is impossible for any party to know where additional copies may be hiding and who may access them, or for the Coast Guard to guarantee their destruction. Therefore, a declaratory judgment setting forth the Plaintiffs' rights is necessary to prevent harm resulting from any other hidden records the Coast Guard maintains in file cabinets, desk drawers, shared drives, personal folders, email archives, or elsewhere.

13.  Further still, this evidence reconfirms the Coast Guard's inability to meet its "formidable" burden to "demonstrat[e] that it cannot reasonably be expected to do again in the future what it is alleged to have done in the past." *Fed. Bureau of Investigation v. Fikre*, 144 S. Ct. 771, 777-778 (2024). In fact, this evidence shows the Coast Guard is *likely* to revisit Plaintiffs' injuries upon them, because it was incapable of enforcing its own, voluntary order to remove these records.

14. Accordingly, like the declaration submitted in Plaintiffs' First Motion to Supplement (Dkt. 40), these declarations present "evidence as to subsequent events not before the courts below which bears upon the issue of mootness." *Matter of Manges*, 29 F.3d 1034, 1041 (5th Cir. 1994). As Plaintiffs noted before, Appellate courts have been "willing to allow supplementation of the record" where, as here, supplemental "declarations . . . illuminate the mootness issue." *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006).

15. Further, the Coast Guard relies on its order to remove records referencing the COVID-19 vaccine requirement from Plaintiffs' personnel data records in support of its arguments that this case is moot (Dkt. 39, Resp.Br. at 13), even though it has apparently failed to remove those records. It is at least equally appropriate for this Court to consider the attached supplemental evidence showing that the Coast Guard has not executed that order in support of Plaintiffs' argument that this case is *not* moot.

16. Plaintiffs' counsel has conferred with Defendants' counsel about this motion prior to its filing. Defendants' counsel states Defendants do NOT oppose this motion. (LR 27.4.)

For these reasons, the Court should grant Plaintiffs' Second Unopposed Motion to Supplement the Record with the above-referenced Declaration of Jackson (Ex. A) and Declaration of Marcenelle (Ex. B).

Dated: April 26, 2024

                        Respectfully submitted,

                        /s/ Nathan Loyd
                        Stephen Crampton
                        THOMAS MORE SOCIETY
                        PO Box 4506
                        Tupelo, MS 38803
                        (662)255-9439
                        scrampton@thomasmoresociety.org

                        Michael G. McHale
                        THOMAS MORE SOCIETY
                        10506 Burt Circle, Ste. 110
                        Omaha, NE 68114
                        (402)501-8586
                        mmchale@thomasmoresociety.org

                        Nathan Loyd
                        THOMAS MORE SOCIETY
                        5101 Old Highway 5, Box 442
                        Lebanon, GA 30146
                        (559)744-3664
                        nloyd@thomasmoresociety.org

          Adam S. Hochschild
          Hochschild Law Firm, LLC
          THOMAS MORE SOCIETY
          PO Box 401
          Plainfield, VT 05667
          (314)503-0326
          adam@hochschildlaw.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I certify that on April 26, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Service will be accomplished by the CM/ECF system.

/s/ Nathan Loyd
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 27(d)(2) because this motion contains 1154 words.

2. This motion complies with the typeface requirements of FED. R. APP. P. 27(d)(1) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook.

/s/ Nathan Loyd
*Counsel for Plaintiffs-Appellants*
