# No. 23-11038

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Eric Jackson; Alaric Stone; Michael Marcenelle,
Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense; Linda Fagan, Commandant of the Coast Guard; Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard,
Defendants - Appellees

## APPELLANTS' MOTION TO SUPPLEMENT THE RECORD AND FOR LEAVE TO FILE UNDER SEAL

SUBMITTED BY:

Stephen Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Nathan Loyd
THOMAS MORE SOCIETY
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nloyd@thomasmoresociety.org

Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild
Hochschild Law Firm, LLC
THOMAS MORE SOCIETY
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

# CERTIFICATE OF INTERESTED PERSONS

Eric Jackson; Alaric Stone; Michael Marcenelle,

Plaintiffs - Appellants

v.

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Lloyd J. Austin, III, Secretary, U.S. Department of Defense; Linda Fagan, Commandant of the Coast Guard; Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard,

Defendants - Appellees

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

There are no corporations that are either parents of any of the Plaintiffs-Appellants or that own 10% or more stock in any of the Plaintiffs-Appellants.

**A. Plaintiffs-Appellants**

    Eric Jackson
    Alaric Stone
    Michael Marcenelle

**B. Current and Former Attorneys for Plaintiffs-Appellants**

<u>Current Attorneys</u>
    Stephen Crampton
    THOMAS MORE SOCIETY
    PO Box 4506
    Tupelo, MS 38803
    (662)255-9439
    scrampton@thomasmoresociety.org

    Michael G. McHale
    THOMAS MORE SOCIETY
    10506 Burt Circle, Ste. 110
    Omaha, NE 68114
    (402)501-8586
    mmchale@thomasmoresociety.org

    Nathan Loyd
    THOMAS MORE SOCIETY
    5101 Old Highway 5, Box 442
    Lebanon, GA 30146
    (559)744-3664
    nloyd@thomasmoresociety.org

    Adam S. Hochschild
    Hochschild Law Firm, LLC
    THOMAS MORE SOCIETY
    PO Box 401
    Plainfield, VT 05667
    (314)503-0326
    adam@hochschildlaw.com

Former Attorneys

    Mary Catherine Martin
    THOMAS MORE SOCIETY
    112 S. Hanley Rd., Second Floor
    Clayton, MO 63105
    (314)825-5725
    mmartin@thomasmoresociety.org

    Charles W. Fillmore
    H. Dustin Fillmore III
    THE FILLMORE LAW FIRM, L.L.P.
    Fort Worth, TX 76102
    (817)332-2351
    chad@fillmorefirm.com
    dusty@fillmorefirm.com

    Paul M. Jonna
    LiMandri & Jonna LLP
    THOMAS MORE SOCIETY
    P.O. Box 9120
    Rancho Santa Fe, CA 92067
    (858)759-994
    pjonna@limandri.com

## C. Defendants-Appellees

    Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security
    Lloyd J. Austin, III, Secretary, U.S. Department of Defense
    Linda Fagan, Commandant of the Coast Guard
    Brian Penoyer, Assistant Commandant for Human Resources of the Coast Guard

**D. Current and Former Attorneys for Defendants-Appellees**

<u>Current Attorneys</u>
    Cody Knapp
    Sarah Clark
    United States Department of Justice
    Civil Division
    Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20530
    (202)532-5663
    cody.t.knapp@usdoj.gov
    sarah.clark@usdoj.gov

<u>Former Attorney</u>
    Johnny Walker
    United States Department of Justice
    Civil Division
    Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20530
    (202)532-5663
    johnny.h.walker@usdoj.gov

**E. Other Interested Persons**
None

Dated: June 18, 2024

                        <u>/s/ Nathan Loyd</u>
                        Nathan Loyd
                        THOMAS MORE SOCIETY
                        5101 Old Highway 5, Box 442
                        Lebanon, GA 30146
                        (559)744-3664
                        nloyd@thomasmoresociety.org
                        *Counsel for Plaintiffs-Appellants*

Plaintiffs respectfully move this Court to supplement the record in the above-captioned matter pursuant to FED. R. APP. PROC. 10 and 27 with Exhibits A, A-1, and A-2 attached to this Motion. Plaintiffs seek to supplement the record now, having discovered this additional evidence only recently and after oral arguments. Plaintiffs also move, pursuant to Local Rule 25.2.8, for leave to file the supplemental record material under seal. Defendants take no position on this motion and do not intend to file an opposition, subject to further review of the motion after it is filed.

1. Plaintiffs recently became aware of yet another aspect of the Coast Guard's failure to eradicate the collateral consequences of its sham religious accommodation process challenged in this case: the Coast Guard is *reinserting* harmful vaccine-mandate-related CG-3307s into service members' electronic personal data records.

2. In the Declaration attached as Ex.A, a Coast Guard Lieutenant explains that he received two Coast Guard form CG-3307s referencing his COVID-19 vaccination status. The Lieutenant's first CG-3307 recorded that he had been denied a religious accommodation and ordered him to receive a COVID-19 vaccine by a certain date. (Ex.A-1.) Plaintiffs each received similar CG-3307s. (*See* ROA.262 (Plaintiff

1

Stone), ROA.317 (Plaintiff Jackson), ROA.414 (Plaintiff Marcenelle).) The Lieutenant's second CG-3307 stated: "You are in violation of Article 90 ('Willfully Disobeying a Superior Commissioned Officer') and Article 92(2) ('Failure to Obey other Lawful Order') of the Uniform Code of Military Justice.")." (Ex.A-2.) This is the same language used in CG-3307s that each Plaintiff received. (*See* ROA.267 (Plaintiff Stone), ROA.318 (Plaintiff Jackson), ROA.416 (Plaintiff Marcenelle).)

3. The Coast Guard had removed the Lieutenant's CG-3307s from his electronic records and replaced them with the Navarro memo in February 2023. (Ex.A at ¶ 8.) However, in April 2024, the Lieutenant noticed that the CG-3307s had been reinserted into his official electronic record. (Id. at ¶ 9.) The Lieutenant discovered that the CG-3307s are in the same electronic personnel data record where they were formerly. (Id.) Like Plaintiff Marcenelle, the Lieutenant's CG-3307s were the only adverse record presented to his promotion board in 2022, resulting in a denied promotion. (Id. at ¶ 7.) Moreover, the Lieutenant learned that the Coast Guard had been maintaining a paper copy of his personnel data records as well, but he did not find a paper copy of the CG-3307s in his unit's paper copy when he inspected it. (Id. at ¶ 11.)

4. The new evidence further confirms the Coast Guard has failed to show it is willing or able to identify and permanently remove records maintained in its own official files, let alone in file cabinets, desk drawers, shared drives, personal folders, email archives, or wherever else the Lieutenant's CG-3307s must have been before reemerging—as necessary to moot this case. *See, e.g. Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) ("interim relief or events" must have "completely and irrevocably eradicated the effects of the alleged violation").

5. Accordingly, like the declarations submitted with Plaintiffs' First and Second Motions to Supplement (ROA.2086-88, ROA.2140-47), the Lieutenant's declaration presents "evidence as to subsequent events not before the courts below which bears upon the issue of mootness." *Matter of Manges*, 29 F.3d 1034, 1041 (5th Cir. 1994). As Plaintiffs noted before, Appellate courts have been "willing to allow supplementation of the record" where, as here, supplemental "declarations . . . illuminate the mootness issue." *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006).

6. Additionally, Plaintiffs respectfully move to file the supplemental record material under seal. The supplemental material

3

includes a declaration from the Coast Guard Lieutenant and a copy of the CG-3307s found in his electronic personnel data record. Both of these documents reveal the Lieutenant's identity, the Coast Guard's denial of his religious accommodation request, his choice to remain unvaccinated, and the Coast Guard's accusation that he disobeyed an alleged lawful order. This Court should order that these documents be filed under seal pursuant to Fifth Circuit Rule 25.2.8, because without such protection, they could harm the Lieutenant's service reputation and career even after the Coast Guard deletes its copies of the Lieutenant's CG-3307s.

7. Plaintiffs' counsel has conferred with Defendants' counsel about this motion prior to its filing. Defendants' counsel stated that Defendants take no position on this motion and do not intend to file an opposition, subject to further review of the motion after it is filed.. (LR 27.4.)

For these reasons, the Court should grant Plaintiffs' Unopposed Motion to Supplement the Record with the above-referenced Declaration of Coast Guard Lieutenant (Ex.A) and its supporting exhibits (Ex.A-1, Ex.A-2), and grant leave for those documents to be filed under seal.

Dated: June 18, 2024

Respectfully submitted,

/s/ Nathan Loyd
Stephen Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Nathan Loyd
THOMAS MORE SOCIETY
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nloyd@thomasmoresociety.org

Adam S. Hochschild
Hochschild Law Firm, LLC
THOMAS MORE SOCIETY
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I certify that on June 18, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Service will be accomplished by the CM/ECF system. I also served by email a copy of the foregoing document and the referenced exhibits upon counsel of record for Defendants-Appellees at cody.t.knapp@usdoj.gov and sarah.clark@usdoj.gov.

/s/ Nathan Loyd<br>
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of F̲E̲D̲.̲ ̲R̲.̲ ̲A̲P̲P̲.̲ ̲P̲.̲ ̲27(d)(2) because this motion contains 775 words.

2. This motion complies with the typeface requirements of F̲E̲D̲.̲ ̲R̲.̲ ̲A̲P̲P̲.̲ ̲P̲.̲ ̲27(d)(1) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook.

/s/ Nathan Loyd  
*Counsel for Plaintiffs-Appellants*
