

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Room 7216
Washington, DC 20530

Tel: 202-305-8727

October 3, 2024

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

RE:      *Jackson v. Mayorkas*, No. 23-11038 (5th Cir.)
            Response to Rule 28(j) Notice of Supplemental Authority

Dear Mr. Cayce:

      The government writes in response to plaintiffs' September 27, 2024 letter submitting this Court's decision in *Crocker v. Austin*, No. 23-30497, 2024 WL 4262136 (Sept. 23, 2024).

      In *Crocker*, this Court held that six Air Force plaintiffs' claims were not moot because they had brought "broader, ongoing claims concerning the Air Force's alleged 'sham' religious exemption process and policies." *Id.* at *6. Not so here. Plaintiffs' primary theory in district court and on appeal has always been that the Coast Guard had not sufficiently rolled back the effects of the COVID-19 vaccination requirement. *E.g.*, Op. Br. 1 ("This case concerns the Coast Guard's failure to place unvaccinated members on equal footing with their vaccinated peers following rescission of its mandate."); ROA.18 ("In this lawsuit, Plaintiffs challenge Defendants' policy of categorically denying virtually all religious accommodation requests *from the Coast Guard COVID-19 vaccine mandate*, which violates their sincerely held religious beliefs." (emphasis added)). To the extent plaintiffs discussed the Coast Guard's religious accommodation policies in their complaint as separate from the COVID-19 vaccination

requirement, it was in the context of allegations relating to a class that was never certified and that no longer exists. ROA.53 (describing the proposed class as Coast Guard members who are, *inter alia*, "subject to a mandate . . . to receive a COVID-19 vaccine."); Op. Br. 58 (describing concerns about the accommodation process as an aspect of "Plaintiffs' claim for *class-wide* relief").

      Plaintiffs' belated attempt to transform their challenge to the long-defunct COVID-19 vaccination requirement into a challenge to the Coast Guard's religious accommodation process more generally does not save this case from mootness.

                                                                      Sincerely,

                                                                    */s/ Sarah Clark Griffin*
                                                                    Sarah Clark Griffin
                                                                    Counsel for the United States

cc:     Counsel of Record (via CM/ECF)