# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2025

Lyle W. Cayce
Clerk

No. 23-11038

———————

Eric Jackson; Alaric Stone; Michael Marcenelle,

*Plaintiffs—Appellants,*

*versus*

Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pete Hegseth, *Secretary, U.S. Department of Defense*; Linda Fagan, *Commandant of the Coast Guard*; Brian Penoyer, *Assistant Commandant for Human Resources of the Coast Guard*,

*Defendants—Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-825

———————

Before Dennis, Southwick, and Ho, *Circuit Judges.*

Leslie H. Southwick, *Circuit Judge*:

This appeal concerns the refusal by some Coast Guard servicemembers to receive a COVID-19 vaccination. The Plaintiffs assert the Coast Guard policy requiring the vaccination violated their constitutional and statutory rights. That policy has since been rescinded. The district court granted the Coast Guard's Rule 12(b)(1) motion to dismiss on the basis that the case was moot. We disagree. REVERSED and REMANDED.

No. 23-11038

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, the Secretary of Defense directed all servicemembers of the Armed Forces under the Department of Defense ("DOD") to receive the COVID-19 vaccination. Soon after, the Coast Guard, operating within the Department of Homeland Security ("DHS") and outside the purview of the DOD, required its servicemembers to do the same.

The Plaintiffs, Eric Jackson, Alaric Stone, and Michael Marcenelle, are Coast Guard servicemembers who objected to the COVID-19 vaccination mandate and were denied religious accommodation requests. The Plaintiffs continued to refuse the vaccination mandate and were later reprimanded. To this day, they serve and perform their duties without COVID-19 vaccinations.

The Plaintiffs filed a putative class action against the Secretary of Homeland Security, Secretary of Defense, Commandant of the Coast Guard, and Assistant Commandant of Human Resources for the Coast Guard. The Plaintiffs alleged the Defendants violated (1) the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*; (2) the First Amendment's Free Exercise Clause, U.S. Const. amend. I; and (3) the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, 701–706. As relief, the Plaintiffs sought, among other things, a declaratory judgment that the vaccination mandate violated their rights under RFRA, the First Amendment, and the APA; and a preliminary and permanent injunction prohibiting the Defendants from enforcing the mandate.

While the suit was pending, the President signed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, which required the DOD to rescind its COVID-19 vaccination requirement. Pub. L. No. 117-263, § 525, 136 Stat. 2395, 2571–72 (2022). The Secretary of Defense thereafter rescinded the mandate. Although the Coast Guard was not under

No. 23-11038

the authority of the DOD, it also rescinded its vaccination mandate and halted the involuntary administrative separation of servicemembers "that resulted from violations of the lawful general orders to become vaccinated against COVID-19." ALCOAST 012/23 (Jan. 11, 2023).

The district court concluded that the rescission mooted the Plaintiffs' requests for relief and granted the Defendants' Federal Rule of Civil Procedure 12(b)(1) motion to dismiss. The Plaintiffs moved for relief from final judgment under Rule 60(b), which the district court denied. The Plaintiffs timely appealed both the dismissal order and denial of their Rule 60(b) motion.

## DISCUSSION

"A district court's Rule 12(b)(1) dismissal is reviewed *de novo*, as are legal questions relating to . . . mootness." *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (italics added) (citation omitted). "All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff." *Id.* (quotation marks and citation omitted).

Article III of the Constitution restricts federal courts' jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "We are therefore permitted to adjudicate only live disputes." *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023) (quotation marks and citation omitted). "[A] live controversy must maintain through each stage of the litigation." *Id.* "[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021) (citation omitted). "One way that happens is when a challenged policy is repealed." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023). "A case is moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *DeOtte*, 20 F.4th at 1064 (quotation marks and citation

No. 23-11038

omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted).

The Plaintiffs contend this case is not moot because there are ongoing consequences of the now-rescinded mandate. We examine the basis for that contention.

The Coast Guard, unlike the military branches currently under DOD control, has not issued policies affirmatively protecting the Plaintiffs from discrimination on account of their vaccination status. The Plaintiffs in their complaint seek "an order restraining and enjoining Defendants . . . from taking any other illegal adverse action against them based on their unvaccinated status."

We considered a similar issue in *Navy SEALs 1-26*, 72 F.4th 666. There, after the Navy required its servicemembers to receive the COVID-19 vaccination, 35 servicemembers sued. *Id.* at 670. The Navy later rescinded the mandate and "promulgated additional policies that eliminated any remaining distinctions between vaccinated and unvaccinated personnel." *Id.* at 671. This court identified one policy stating, "COVID-19 vaccination status *shall not* be a consideration in assessing individual service member suitability for deployment or other operational missions." *Id.* (emphasis added) (quoting NAVADMIN 038/23 (Feb. 15, 2023)). We concluded the plaintiffs' suit was moot, explaining the Navy's affirmative protection of unvaccinated servicemembers was critical to that conclusion. *Id.* at 673. We explained:

> Critically, the Navy has also ruled out using vaccination status to deny deployment eligibility, training opportunities, and assignments. This was the central threat that, Plaintiffs argued, hung over their heads even post-rescission. The Navy

No. 23-11038

has now abjured it. No fewer than three binding policies now forbid considering vaccination status for such decisions.

*Id.*

According to the Plaintiffs, the Coast Guard has not "ruled out" use of vaccination status in a manner similar to what the Navy has done. The Coast Guard has canceled *mandatory* discrimination against the unvaccinated, but the Plaintiffs argue it has done nothing to prevent use of vaccination status as a factor in making personnel decisions. The Plaintiffs contend they have been harmed on account of their vaccination status even after the mandate's recission. The Plaintiffs seek an injunction against such actions.

This court considered the Air Force's vaccine mandate in *Crocker v. Austin*, 115 F.4th 660 (5th Cir. 2024). Like the Coast Guard, the Air Force rescinded its vaccine mandate. *Id.* at 663. We held the rescission did not moot the case because the Air Force had not made changes to its allegedly "sham religious accommodation process for vaccinations." *Id.* at 667–68. We concluded "[t]he Air Force's rescission of the vaccine mandate and removal of adverse actions does not ensure that it will not discriminate against Appellants in the future." *Id.* at 668. We allowed the suit to proceed because the Airmen "plausibly allege[d] an ongoing harm — that they remain subject to an allegedly unlawful accommodations process." *Id.*

Here, the Plaintiffs presented a declaration from a retired Coast Guard Vice Admiral who explained that the mandate's recission will not halt the harm faced by servicemembers who refused the vaccination. Specifically, he stated the Coast Guard is a uniquely tight-knit community where service reputation is important for promotions. For instance, promotion board members will often advocate for or caution against a candidate based on the member's personal knowledge of the candidate. Because the Coast Guard

No. 23-11038

continues to consider the vaccination mandate a "lawful order," the service reputation of those who refused to follow it is tarnished. The Vice Admiral explained, however, based on his experience, this harm could be remedied by a court order declaring the mandate unlawful.

Taking the Plaintiffs' well-pled facts as true, we conclude it is still possible for a court to grant effectual relief. *See Shemwell*, 63 F.4th at 483; *DeOtte*, 20 F.4th at 1064. We REVERSE the district court's decision and REMAND for further proceedings consistent with this opinion.

No. 23-11038

James C. Ho, *Circuit Judge*, concurring:

This court erred when it dismissed as moot a challenge by a group of Navy SEALS to the Navy's mandatory COVID-19 vaccination policy. *See U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666 (5th Cir. 2023); *id.* at 677 (Ho, J., dissenting). So I'm pleased that our court today does not make the same mistake in this case involving the Coast Guard. I agree that our decision in *Navy SEALs* is distinguishable and thus does not compel dismissal here (and the dissent does not contend otherwise). Accordingly, I concur.

23-11038

James L. Dennis, *Circuit Judge*, dissenting:

In *Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477–478 (1990), writing for a unanimous court, Justice Scalia set forth the principles undergirding our mootness analysis:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

(internal citations omitted).

Applying this standard, the Plaintiffs no longer face any cognizable injury redressable by this court, rendering their suit moot. The Plaintiffs' complaint sought both injunctive and declaratory relief, under multiple statutes, from a singular set of Department of Defense and Coast Guard policies: the COVID-19 vaccine mandates requiring all service members to receive a COVID-19 vaccination.[1] Those mandates are no more, granting the Plaintiffs the "the precise relief the [Plaintiffs] requested in the prayer for relief" and rendering their "claim[s] for declaratory and injunctive relief . . . moot." *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 590 U.S. 336, 339 (2020); *see also DeOtte v. State*, 20 F.4th 1055, 1064 (5th Cir. 2021)

---

[1] All specific relief sought in the Plaintiffs' Prayer for Relief is premised on the "Mandates," which the complaint defines as "[t]he DoD Mandate, Coast Guard Mandate, and any and all other related vaccine mandate orders[.]"

23-11038

(finding that when plaintiffs "received the relief they sought in this litigation, it becomes impossible for the court to grant any effectual relief whatever to [the] prevailing party") (internal quotations omitted).

On the record before us, nothing suggests that the Plaintiffs maintain any "personal stake in the outcome." *Lewis*, 494 U.S. at 478. First, there is no evidence that the Plaintiffs have suffered any harm after the recission of the mandate.[2] Second, any possibility of future discrimination in the promotion process—the other primary argument Plaintiffs present against mootness—is a "mere potentialit[y]" not redressable by this court. *United States v. Lipscomb*, 66 F.4th 604, 608 (5th Cir. 2023) (finding that when determining a request for declaratory relief is moot, "threatened injuries cannot be mere potentialities: They must at the least be certainly impending" (citations omitted)). The same goes for the retired Coast Guard Admiral's assertions about future discrimination. There is no evidence that any Plaintiff's path to advancement has been barred by the erstwhile mandate or its collateral effects. These concerns are hypothetical and are belied by the fact that the Coast Guard has already promoted Plaintiff Marcenelle, and

---

[2] Plaintiff Stone's complaint alleges that "even after the Coast Guard rescinded a policy barring unvaccinated service members from attending required trainings, his command still forbade him from participating," resulting in a lower evaluation score and preventing him from earning a promotion. But this does nothing to avoid mootness because those alleged facts occurred *prior to* the recission of the challenged vaccine mandate. The Coast Guard issued the specific policy Plaintiff Stone refers to, ALCOAST 157/22, in May of 2022. ALCOAST 157/22 edited ALCGPSC 104/21, which the Coast Guard rescinded alongside the vaccine mandate. ALCGPSC 012/23. Plaintiff Stone is now free to complete the required training, so injunctive relief offers no further remedy. *See Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) ("Once the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do.").

recommended Plaintiff Stone for promotion. Thus, the case is moot and should be dismissed according to our normal practice.

I respectfully dissent.